J-S25017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEMETRIOUS DARRON FLEMING | |
| Appellant | No. 925 WDA 2015 |

Appeal from the PCRA Order May 11, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001179-2003
CP-02-CR-0006863-2002
CP-02-CR-0009253-2003

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 20, 2016**

Appellant, Demetrious Darron Fleming, appeals from the May 11, 2015 order, dismissing his fourth petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's counsel has filed a petition to withdraw, together with a ***Turner/Finley***[1] no-merit letter.  After careful consideration, we grant counsel's petition to withdraw and affirm the PCRA court's order of dismissal.

From the certified record, we summarize the procedural history of this case as follows.  On November 13, 2003, Appellant entered an open plea of guilty to third-degree murder in the shooting death of Marvin Housch.  The

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

trial court sentenced Appellant to an aggregate term of incarceration of 18 to 40 years.[2] Appellant filed a post-sentence motion, seeking to withdraw his plea and, alternatively, for reconsideration of his sentence. The trial court denied the motion, and Appellant timely appealed. This Court affirmed the judgment of sentence on June 13, 2006 and our Supreme Court denied Appellant's petition for allowance of appeal on November 21, 2006. *See Commonwealth v. Fleming*, 905 A.2d 1042 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 911 A.2d 933 (Pa. 2006).

Appellant subsequently filed his first PCRA petition on April 8, 2007, which the PCRA court denied. On appeal, this Court affirmed on June 3, 2010, and our Supreme Court denied allowance of appeal on February 16, 2011. *See Commonwealth v. Fleming*, 4 A.3d 674 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 15 A.3d 2011 (Pa. 2011). Appellant filed a second PCRA petition on May 29, 2012, which the PCRA court denied on September 12, 2012. Appellant did not appeal that decision. Appellant filed a third PCRA petition on August 6, 2013, asserting newly-discovered alibi witnesses. The PCRA court dismissed Appellant's

_____

[2] Appellant also entered guilty pleas to two weapons offense counts at two other dockets. By agreement the sentences for those charges were to run concurrently with whatever sentence the trial court imposed on the third-degree murder charge. The trial court imposed a sentence of three to six years' incarceration on each firearm count to run consecutively with each other but concurrently with the third-degree murder sentence. There was no provision in the plea agreement for a minimum sentence on the homicide. The weapons charges are not a subject of Appellant's instant PCRA petition.

petition as untimely, determining the newly discovered fact exception under Section 9545(b)(1)(ii) did not apply because Appellant was or could have been aware of the witnesses at the time of his guilty plea. Appellant appealed, and this Court affirmed on May 7, 2014. *See Commonwealth v. Fleming*, 104 A.3d 40 (Pa. Super. 2014) (unpublished memorandum) (*Fleming III*).

Appellant filed the instant PCRA petition on November 20, 2014. On February 10, 2015, counsel entered his appearance on Appellant's behalf, and the PCRA court granted leave to file an amended PCRA petition. Appellant filed a counseled amended PCRA petition on February 17, 2015, wherein he asserted newly discovered facts. Those facts consisted of exculpatory evidence from an individual, Damile Mitchell, who claimed to be responsible for shooting and killing the victim. The PCRA court granted a hearing on the amended petition, which was held on April 21, 2015.

The PCRA court summarized the testimony produced at the hearing as follows.

> At the hearing, [] Mitchell testified that he was a drug dealer and had "rented" Housch's vehicle in exchange for drugs he provided Housch. He claimed that Housch called him the night Housch was killed and asked him for help dealing with his daughter's boyfriend. When he refused, he said that Housch became angry and threatened to go to the police. Eventually, he testified, he went to Housch's home and argued with him again on the street. As they argued, he claimed that Housch reached for what he thought was a gun. He said that he feared for his

life so he pulled his weapon and shot Housch several times. He then fled the area.

Mitchell claimed at the hearing that he did not know that anyone had been arrested or convicted of the killing, though he knew the victim had died. He first learned that [Appellant] had been convicted of the crime in the fall of 2014, when they were both inmates at the State Corrections Institution at Albion. Sometime in September, Mitchell claims to have overheard [Appellant] discussing his case with another inmate and mention the name "Mary". When he learned from the other inmate that [Appellant] had, in fact, been convicted of killing the man he now claims to have killed, he said he wrote the letter to the Innocence Institute. After doing so, he was approached by [Appellant] and confirmed what was in the letter. He agreed to sign the affidavit that was offered into evidence at the hearing. Mitchell acknowledged that he was currently serving a life sentence for murder.

[Appellant] also testified. He asserted his innocence and recounted how he came to learn of Mitchell's letter and thereafter filed his *Pro Se* Petition. He claimed on direct examination that he pleaded guilty because he thought he would be sentenced to not less than six nor [more] than twelve years in prison. He claimed that since shortly after he was [] sentenced to eighteen to thirty-six years in prison, he has maintained his innocence.

PCRA Court Opinion, 5/11/15, at 5-6 (footnotes omitted).

Following the hearing, the PCRA court determined Appellant's PCRA petition was timely under the Section 9545(b)(1)(ii) newly discovered fact exception. The PCRA court then addressed the merits of Appellant's substantive after discovered evidence claim. The PCRA court found the

evidence not to be credible and by order, dated May 11, 2015, denied Appellant's request for PCRA relief.

Appellant filed a timely notice of appeal on June 10, 2015.[3] On December 7, 2015, counsel filed with this Court a petition to withdraw together with a copy of his no-merit letter sent to Appellant. On February 1, 2016, Appellant filed a *pro se* response to counsel's petition to withdraw and no-merit letter.[4]

Counsel identifies the following issue Appellant wishes to raise on appeal.

> I. Whether the PCRA [c]ourt erred in failing to grant relief to Appellant when it was proven by a preponderance of evidence that Appellant was innocent of the charges?

Counsel's No-Merit Letter at 6. In his response, Appellant addresses the foregoing question and additionally raises a question of whether the standard of "miscarriage of justice" as applied by the PCRA court to second or subsequent PCRA petitions is correct. Appellant's *Pro Se* Answer at 6.[5]

_____

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On August 14, 2015, the PCRA court issued a statement pursuant to Rule 1925(a) referencing its May 11, 2015 memorandum opinion and order as containing the reasons for its decision.

[4] The Commonwealth has not filed an appellee brief in this appeal.

[5] Appellant's *Pro Se* Answer is not paginated. Therefore, sequential page numbers are supplied.

Appellant also claims counsel's petition to withdraw and no-merit letter are deficient. *Id.* at 8-9.

Our review is regulated by the following guidelines. "Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted). Furthermore, we are bound by the credibility determinations of the PCRA court when they are supported by the record. *Commonwealth v. Johnson*, 966 A.2d 523, 532, 539 (Pa. 2009). "This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Freeland*, 106 A.3d 768, 776 (Pa. Super. 2014) (internal quotation marks and citation omitted).

> To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2), his claims have "not been previously litigated or waived[,]" and "the failure to litigate the issue prior to or during trial, … or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." *Id.*, § 9543(a)(3)-(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" *Id.*, § 9544(a)(2). An issue is waived if appellant "could have raised it but failed to do so

before trial, at trial, … on appeal or in a prior state post [-]conviction proceeding." *Id.*, § 9544(b).

***Commonwealth v. Fears***, 86 A.3d 795, 803-804 (Pa. 2014).

Additionally, courts will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong *prima facie* showing that a miscarriage of justice may have occurred. [An a]ppellant makes a *prima facie* showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged.

***Commonwealth. v. Medina***, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014).

Our initial task is to review PCRA counsel's request to withdraw. As pronounced by our Supreme Court, the requirements PCRA counsel must comply with, when petitioning to withdraw, include the following.

1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009), *quoting* ***Finley***, ***supra*** at 215. "Counsel must also send to the petitioner: (1) a copy

of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner/Finley***, the court - trial court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Id.*** (citation omitted).

Instantly, we conclude that PCRA Counsel has complied with the requirements of ***Turner/Finley***. Specifically, PCRA counsel's ***Turner/Finley*** letter/brief details the nature and extent of his review, addresses the claim Appellant raised in his amended PCRA petition, and determines that the issue lacks merit on appeal. PCRA counsel discusses Appellant's claim, explaining the reasons for his conclusion that the issue is meritless. Additionally, PCRA counsel served Appellant with a copy of the petition to withdraw and ***Turner/Finley*** letter/brief, advising Appellant that, if he is permitted to withdraw, Appellant has the right to proceed *pro se* or with privately retained counsel.

As noted, Appellant filed a response to the petition to withdraw and no-merit letter. Therein Appellant suggests that PCRA counsel's no-merit

letter was deficient because PCRA counsel merely concluded that Appellant's issues had no merit rather that concluding the appeal was wholly frivolous. Appellant's *Pro Se* Answer at 8, *citing* **Commonwealth v. Baney**, 860 A.2d 127, 132 (Pa. Super. 2004), *appeal denied,* 877 A.2d 459 (Pa. 2005). **Baney**, however, involved a petition to withdraw during a direct appeal, implicating the requirements imposed by **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). We have previously noted the distinctions between the requirements of **Anders**/**Santiago** and the requirements of **Turner**/**Finley**, including the following.

> It is … apparent that **Anders** and **Turner**/**Finley** are close cousins, bearing similarities in that counsel is required to examine the record, present issues, and request permission to withdraw. However, there are also significant differences. **Anders** applies to direct appeals; **Turner**/**Finley** applies to PCRA cases. **Anders** counsel is not permitted to withdraw unless the appeal is wholly frivolous, but **Turner**/**Finley** counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous.

**Wrecks**, **supra** at 721-722.

Appellant also contends that Attorney Farrell failed to comply with the mandates of **Turner**/**Finley** because "he fails to list and address the nature and extent of all of the Appellant's claims." Appellant's *Pro Se* Answer at 8. Appellant's arguments in this regard pertain first to a disagreement with PCRA counsel's conclusion that the issue on appeal is without merit and,

second, to a disapproval of PCRA counsel's performance at the PCRA hearing for failing to introduce additional witness statements.[6] *Id.* at 11-12. We will address the former argument as part of our independent review. We note that the latter argument is not about PCRA Counsel's technical compliance with PCRA Counsel's *Turner*/*Finley* obligations or the merits of the appeal, but is about PCRA Counsel's stewardship at the April 21, 2015 PCRA hearing. Thus, Appellant is actually asserting an ineffective assistance of counsel claim. However, this Court, after exhaustively reviewing our Supreme Court's jurisprudence, has held that even in circumstances as these, "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014). Consequently, we cannot address Appellant's assertions in this regard.

Therefore, finding PCRA counsel compliant with the technical requirements of *Turner*/*Finley* and their progeny, we proceed to perform an independent merits review of Appellant's claims. We note the PCRA court determined that Appellant's PCRA petition qualified for an exception, under Section 9545(b)(1)(ii) to the one-year jurisdictional time limit for filing for

---

[6] Those statements, by purported alibi witnesses, were the subject of one of Appellant's earlier PCRA petitions. We affirmed the PCRA court's determination at that time that the statements did not constitute newly discovered facts as to constitute an exception to the timeliness requirements of the PCRA. *See Fleming III*, *supra*.

PCRA relief.[7] The PCRA court determined that Mitchell's statement and existence as a witness were unknown at the time of Appellant's plea, could

_____

[7] The timeliness of an appellant's petition is a threshold issue "because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition." *Commonwealth v. Cristina*, 114 A.3d 419, 421 (Pa. Super. 2015) (citations omitted), *vacated on other grounds*, 131 A.3d 482 (Pa. 2016).

> Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.
>
> > [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).
>
> *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1272 (2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." [*Commonwealth v.*] *Williams*, [35 A.3d 44, 53 (Pa. Super. 2011), *appeal denied*, 50 A.3d 121 (Pa. 2012)]. Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.
>
> > The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered

*(Footnote Continued Next Page)*

not have been earlier discovered by due diligence, and were raised within 60 days of Appellant's first awareness of the information. PCRA Court Opinion, 5/11/15, at 6. Upon review of the record, we conclude the PCRA court's timeliness determination is supported. The subject "facts" came to light when Mitchell sent a letter on October 20, 2014 to "Innocence Institute of Western Pennsylvania," a copy of which was forwarded to Appellant, on October 27, 2014, by its former director, Professor William Moushey. *Id.* at 5; *see also* Amended PCRA Petition, 2/17/15, Exhibits a, b. Appellant filed his *pro se* PCRA petition raising this claim on November 20, 2014. We accordingly conclude Appellant's subject PCRA petition qualifies for the Section 9545(b)(1)(ii) newly discovered fact exception to the PCRA's one year timeliness constraint.

We therefore proceed to address the merits of Appellant's substantive after discovered evidence claim under Section 9543(a)(2)(vi).

> To obtain relief based upon newly-discovered evidence under the PCRA, Appellant must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence

*(Footnote Continued)* ———————————————

> facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Id.* (some citations omitted).

*Medina*, *supra* at 1216.

is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Washington*, 927 A.2d 586, 595-596 (Pa. 2007).

Additionally, although Appellant urges us to hold otherwise, because this is not Appellant's first PCRA petition reviewed on its merits, he must show a strong *prima facie* case of innocence or a miscarriage of justice. **See Medina**, **supra**.[8]

> [B]efore granting a new trial, a court must assess whether the alleged after-discovered evidence is of such nature and character that it would likely compel a different verdict if a new trial is granted. In making that determination, a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction. **See also Commonwealth v. Washington**, 592 Pa. 698, 717, 927 A.2d 586, 597 (2007) (stating exculpatory accomplice testimony should be viewed with suspicion where accomplice has already been tried and has nothing to lose); **Argyrou**[**v. State**, 349 Md. 587, 709 A.2d 1194,] 1204 [(1998)] (noting "cases that have addressed

_____

[8] Appellant argues that "the miscariage [sic] of justice standard first announced in [**Commonwealth v.**] **Lawson**, [549 A.2d 107 (PA 1988)] should no longer appply [sic] to second of subsequent PCRA petitions. Foremost, the language of the PCRA does not imposed [sic] such a requirement." Appellant's *Pro Se* Answer at 6. Appellant argues, that **Lawson**, decided before the 1995 Amendments to the PCRA, is obsolete and the amendments, including the timeliness requirements, obviate the policy reasons behind the **Lawson** holding. *Id.* at 6-7. Nevertheless, we are bound by our recent precedents confirming Appellant's burden in this case. **See Medina**, **supra**. Furthermore, given the PCRA court's credibility determinations in this case, Appellant's claims would fail even absent the additional burden imposed in second or subsequent PCRA petitions.

[newly-discovered evidence] have focused not simply on the credibility of the person offering the exculpatory evidence, but on the credibility or trustworthiness of the evidence itself, as well as the motive, or other impeaching characteristics, of those offering it").

*Commonwealth v. Padillas*, 997 A.2d 356, 365 (Pa. Super. 2010) (some citations omitted), *appeal denied*, 14 A.3d 826 (Pa. 2010).

Instantly, the PCRA court first noted that the fairness of Appellant's guilty plea proceedings has already been determined during Appellant's direct appeal and earlier PCRA proceedings. PCRA Court Opinion, 5/11/15, at 7.

> That leaves for consideration that claim that a miscarriage of justice occurred because the [Appellant] is innocent of the crime. To meet this burden, [Appellant] would have to establish that the after discovered evidence was such that had he been found guilty following a trial, the new evidence would require that he be granted a new trial.

*Id.* The PCRA court then engaged in its duty to evaluate the credibility of Appellant's proffered after-discovered evidence. *See Padillas*, *supra*. Appellant argues "the admission by []Mitchell that he was the actual killer of Marvin Housch coupled with the Affidavits of … Alibi witnesses and Appellant's PCRA testimony all implicate … Appellant's actual innocence." Appellant's *Pro Se* Answer at 6. The PCRA court explained its contrary findings as follows.

> Neither [Appellant] nor Mitchell provided credible, believable testimony.

- 14 -

Though [PCRA] counsel argued that Mitchell's testimony should be believed because his testimony exposed him to criminal liability for the murder of Marvin Housch, Mitchell is already serving a life sentence. A conviction in the death of Housch would not mean any additional time. The suggestion that Mitchell could face the death penalty if he were tried is absurd. The District Attorney's Office did not seek the death penalty against Petitioner, meaning that the circumstances of the crime did not provide the required aggravating circumstances. Mitchell's homicide conviction came after the date that Housch was killed so the multiple murder aggravator would not be present. Accordingly, Mitchell did not expose himself to any additional punishment through his admission to having killed the victim.

Moreover, Mitchell's testimony was that he acted in self[-]defense when he shot the victim. Though he claimed to have killed Housch, he was careful to make sure that he described his actions in a manner that would allow him to claim he was justified in doing so.

In assessing Mitchell's credibility, the [PCRA c]ourt must also consider that it is inconsistent with [Appellant's] testimony at the plea hearing and at sentencing. [Appellant], while under oath at both proceedings, admitted that he shot and killed the victim. Though he claimed at the PCRA hearing that he lied at both of those proceedings because he thought he would be sentenced to no more than twelve years in prison, [the trial c]ourt has already rejected that claim as being unworthy of belief.

The [PCRA c]ourt also considered, in rejecting the testimony of Mitchell, the lack of any corroboration. Mitchell's description of the killing offered no facts that were not available from either the record in this matter, most of which [Appellant] has access to, or available from [Appellant] himself. [Appellant] presented no other witness or evidence that corroborated any of the claims made by [Mitchell]. All that he has offered in support of his

- 15 -

claim of innocence is Mitchell's "risk-free" admission to the crime and his own previously rejected claim of innocence. In the absence of some corroboration of Mitchell's claims or some other reason to credit his testimony, the Petitioner has failed to meet his burden of establishing that a miscarriage of justice has occurred because he is innocent of the charges to which he has plead guilty.

PCRA Court Opinion, 5/11/15, at 7-9.

PCRA counsel in his no-merit letter expresses his disagreement with the PCRA court's credibility findings, but concedes "[i]t is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." Counsel's No-Merit Letter at 9, *quoting* **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013). Indeed, upon careful review, we conclude the PCRA court's findings are amply supported by the record and we may not disturb them. ***See Melendez-Negron***, ***supra***; ***Johnson***, ***supra***. Accordingly, we agree with counsel that Appellant's issue on appeal lacks merit and we conclude the PCRA court correctly denied relief. We therefore affirm the PCRA court's May 11, 2015, order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016