J. S91003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MAGNUM AVERI MORRISON, : No. 1159 MDA 2016
:
Appellant :


Appeal from the Judgment of Sentence, June 16, 2016,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0001232-2016


BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED FEBRUARY 15, 2017**

Appellant, Magnum Averi Morrison, appeals from the June 16, 2016 judgment of sentence of 31 months to 7 years' imprisonment, with 110 days' credit for time-served, imposed after he pled guilty to robbery.[1] Contemporaneously with this appeal, counsel[2] has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their progeny. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] At all pertinent times in this appeal, appellant was represented by Brian P. McBeth, Esq.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows. On February 28, 2016, appellant was apprehended by police after he attempted to rob a store at gunpoint. (Notes of testimony, 6/16/16 at 4-5.) On June 16, 2016, appellant entered a negotiated guilty plea to one count of robbery in connection with this incident. (*Id.*) As noted, appellant was sentenced that same day to 31 months to 7 years' imprisonment, with 110 days' credit for time-served. Appellant did not file any post-sentence motions. On July 15, 2016, appellant filed a timely notice of appeal. On July 18, 2016, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). In lieu of a Rule 1925(b) statement, counsel filed a statement of his intention to file an *Anders*/*McClendon* brief, in accordance with Rule 1925(c)(4), on July 20, 2016. Thereafter, on August 16, 2016, the trial court filed a Rule 1925(a) opinion, concluding that there were no meritorious issues on appeal. (*See* trial court Rule 1925(a) opinion, 8/16/16 at ¶3.) Thereafter, on September 30, 2016, appellant's counsel filed a motion and brief to withdraw from representation. Appellant did not respond to counsel's motion to withdraw.

In his *Anders* brief, counsel raises the following issue on appellant's behalf.

> A. Whether the trial court imposed an illegal sentence of 31 months to 7 years[']

incarceration in the Bureau of Corrections after [a]ppellant entered a negotiated guilty plea to robbery, graded as a felony of the first degree, under 18 Pa.C.S.A. § 3701(a)(1)(ii)?

*Anders* brief at 4.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)." *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed **pro se** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (citation and internal quotation marks omitted).

Instantly, we conclude that counsel has satisfied the technical requirements of **Anders** and **Santiago**. Counsel has identified the pertinent factual and procedural history and made citation to the record. Counsel has also raised sentencing claims that could arguably support an appeal, but ultimately concludes that the appeal is wholly frivolous. Counsel has also attached to his petition a letter to appellant, which meets the notice requirements of **Millisock**. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

Appellant's argument is two-fold. Appellant first contends that the sentence of 31 months to 7 years' imprisonment imposed by the trial court was illegal because it exceeded the statutory maximum. (**Anders** brief at 10-12.) This claim is meritless.

"A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Wolfe**, 106 A.3d 800, 802 (Pa.Super. 2014), **affirmed**, 140 A.3d 651 (Pa. 2016) (citation omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa.Super. 2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Stradley**, 50 A.3d 769, 772 (Pa.Super. 2012) (citation omitted).

Instantly, appellant entered a negotiated guilty plea to one count of robbery by threatening immediate serious bodily injury, 18 Pa.C.S.A. § 3701(a)(1)(ii), which is graded as a felony of the first degree. Pursuant to 18 Pa.C.S.A. § 1103(1), the maximum permissible sentence for a felony of the first degree "shall be fixed by the court at not more than 20 years." (**Id.**) As noted, the trial court sentenced appellant in accordance with his negotiated guilty plea to 31 months to 7 years' imprisonment, with

110 days' credit for time-served. (Notes of testimony, 6/16/16 at 6-7.) Contrary to appellant's contention, this sentence does not exceed the lawful maximum. Accordingly, appellant's challenge to the legality of sentence is meritless.

Appellant further argues that the trial court failed to comply with the sentencing guidelines in sentencing him, which constitutes a challenge to the discretionary aspects of his sentence. (**Anders** brief at 11.) Our review, however, reveals that appellant is precluded from challenging the discretionary aspects of his sentence because he received a negotiated sentence. **See Commonwealth v. Baney**, 860 A.2d 127, 131 (Pa.Super. 2004), **appeal denied**, 877 A.2d 459 (2005) (appellant may not challenge the discretionary aspects of the sentence, where the terms of the sentence were made part of the negotiated plea).[3]

Based on the foregoing, we agree with counsel's assessment that this appeal is wholly frivolous and that appellant is entitled to no relief on his

---

[3] We also note that appellant has waived his challenge to the discretionary aspects of his sentence by failing to raise his claim during the sentencing hearing or in a post-sentence motion. **See Commonwealth v. Jones**, 858 A.2d 1198, 1204 (Pa.Super. 2004); Pa.R.Crim.P. 720(A). The record further reflects that appellant's brief does not contain a Pa.R.A.P. 2119(f) statement. While the omission of this statement does not automatically waive the challenge, where the Commonwealth has objected to the omission, as is the case here, we must consider the issue waived. **Commonwealth v. Hudson**, 820 A.2d 720, 727 (Pa.Super. 2003), **appeal denied**, 844 A.2d 551 (Pa. 2004); **see also** Commonwealth's brief at 8-9. Accordingly, we find that appellant has waived his challenge to the discretionary aspects of his sentence on this basis as well.

sentencing claims. After our own independent review of the record, we discern no additional issues of arguable merit. Accordingly, we grant counsel's petition to withdraw and affirm the June 16, 2016 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017