J-S54036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TEONIA TERRI KIMBRO | : | |
| | : | |
| Appellant | : | No. 326 WDA 2017 |

Appeal from the Judgment of Sentence January 24, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002723-2015

BEFORE: OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:      **FILED SEPTEMBER 21, 2017**

Appellant, Teonia Terri Kimbro, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas. Her attorney, Jessica A. Fiscus, Esq. ("Counsel"), has filed an ***Anders***[1] petition for leave to withdraw. Counsel identifies the following issues on appeal: (1) whether Appellant entered a knowing, voluntary and intelligent plea; and (2) whether the trial court abused its discretion in its sentence. We grant Counsel's petition to withdraw and affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Anders v. California***, 386 U.S. 738 (1967).

On January 24, 2017, Appellant entered a guilty plea to one count of third degree murder[2] and one count of burglary.[3]  N.T., 1/24/17, at 4.  The Commonwealth agreed to recommend a sentence of thirty to sixty years' imprisonment.  *Id.*  The court imposed the agreed upon sentence.  *Id.* at 12-13.  Appellant signed a "Statement of Understanding of Rights Prior to Guilty/No Contest Plea" and an "Acknowledgement of Post Sentencing and Appellate Rights."  Appellant's plea counsel did not file a post-sentence motion.[4]  Present counsel filed a timely notice of appeal.  Counsel filed an ***Anders*** petition and brief with this Court.

_____

[2] 18 Pa.C.S. § 2502(c).

[3] 18 Pa.C.S. § 3502(a)(1).

[4] Appellant filed an untimely *pro se* post-sentence letter with the court on February 8, 2017, which was forwarded to Counsel.  We note that

> [p]ursuant to our Rules of Appellate procedure and decisional law, this Court will not review the *pro se* filings of a counseled appellant. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (noting that an appellant's *pro se* filings while represented by counsel are legal nullities) [ ]; ***Commonwealth v. Ellis***, [ ] 626 A.2d 1137, 1140–41 ([Pa.] 1993) (same). Rule 3304 of the Pennsylvania Rules of Appellate procedure provides as follows:
>
> **Rule 3304. Hybrid Representation**
>
> Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the

Counsel identifies the following issues in the **Anders** brief:

> 1. Did Appellant enter a knowing, voluntary and intelligent plea?
>
> 2. Did the trial court commit an abuse of discretion when it imposed Appellant's sentence?

**Anders** Brief at 8.[5]

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in

_____

> matter, it shall not be docketed but forwarded to counsel of record.
>
> Pa.R.A.P. 3304.
>
> In **Ellis**, our Supreme Court wrote that "[a] represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf.  Conversely, he may elect to allow counsel to  take his appeal[.]" **Ellis**, [ ] 626 A.2d at 1141 [ ].  An appellant may not, however, offer *pro se* filings while he continues to be represented by counsel. **Id.**

**Commonwealth v. Glacken**, 32 A.3d 750, 752-53 (Pa. Super. 2011).

[5] Appellant was ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Counsel informed the court that she intended to file an **Anders** brief with this Court, and therefore did not file a Rule 1925(b) statement.  **See** Pa.R.A.P. 1925(c)(4).

[**Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009)]. The brief must:

>    (1) provide a summary of the procedural history and facts, with citations to the record;
>
>    (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
>    (3) set forth counsel's reasons for concluding that the appeal is frivolous; and
>
>    (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted). If counsel complies with these requirements, "we will make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" **Id.** at 882 n.7 (citation omitted).

Instantly, Counsel provided a factual summary of the case with citations to the record. **Anders** Brief at 9-11. Counsel explained the relevant law and discussed why Appellant's claims are meritless, and noted

that she found nothing in the record that could arguably support the appeal.

*Id.* at 13-15. In conclusion, Counsel's **Anders** brief stated:

> Appellant's counsel did not object to any portion of the colloquy and/or file a post-sentence motion to withdraw the plea. The Superior Court cannot review a claim challenging the validity of the plea on direct appeal where the defendant either did not object during the plea colloquy or in a timely-filed post-sentence motion to withdraw the plea. As this claim is waived, it is wholly frivolous.
>
> * * *
>
> Appellant now asserts that the trial court failed to adequately consider her age, her childhood history, her education, her employment history, her expression of remorse, and her cooperation.
>
> The undersigned asserts that Appellant's claim is wholly frivolous because it was not raised at sentencing or in a timely, counseled post-sentence motion.
>
> * * *
>
> Additionally, Appellant does not have a viable challenge to the legality of her sentence. Appellant's twenty to forty year sentence for third degree murder did not exceed the statutory maximum. Appellant's ten to twenty year sentence of [sic] burglary, graded as a first degree felony, does not exceed the statutory maximum.

**Anders** Brief at 13-15 (citations omitted). Counsel also provided Appellant with a copy of the **Anders** brief and a letter advising Appellant of her rights. Counsel's Mot. to Withdraw, 12/15/16. In light of the foregoing, we hold Counsel has complied with the requirements of **Santiago**. **See Orellana**, 86 A.3d at 879-80. Appellant has not filed a *pro se* or counseled brief. We

- 5 -

now examine the record to determine whether the issues on appeal are wholly frivolous.  **See id.** at 882 n.7.

First, the **Anders** brief raises the following issue for our review: "Did Appellant enter a knowing, voluntary and intelligent negotiated guilty plea?" **Anders** Brief at 13.

As a prefatory matter, we consider whether the issue is waived.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).  Failure to employ either measure results in waiver.  Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

**Commonwealth v. Lincoln**, 72 A.3d 606, 609–10 (Pa. Super. 2013) (some citations and quotation marks omitted).

Instantly, the court sentenced Appellant on January 24, 2017. Appellant did not challenge the voluntariness of her guilty plea during the guilty plea colloquy or file a motion to withdraw the plea within ten days after sentencing.  Therefore, Appellant waived her challenge to the validity of her guilty plea.  **See id.**

Lastly, the **Anders** brief raises the issue of whether the trial court abused its discretion when it imposed Appellant's thirty to sixty year sentence.  Appellant avers "the trial court failed to adequately consider her

age, her childhood history, her education, her employment history, her expression of remorse, and her cooperation." **Anders** Brief at 14.

Initially, we consider whether Appellant has waived any challenge to the discretionary aspect of her sentence. In **Lincoln**, this Court opined: "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Lincoln**, 72 A.3d at 609. "Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991); **see also Commonwealth v. Baney**, 860 A.2d 127, 131 (Pa. Super. 2004) (holding a defendant "having entered a valid negotiated guilty plea, . . . cannot challenge the discretionary aspects of his sentence"). We have long recognized

> [i]f either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

**Reichle**, 589 A.2d at 1141 (citations and quotation marks omitted).

Appellant entered a negotiated guilty plea that included a negotiated sentence, and the court accepted the plea and imposed the negotiated sentence. *See Baney*, 860 A.2d at 131; *Reichle*, 589 A.2d at 1141. Therefore, she waived any challenge to the discretionary aspect of her sentence and her challenge would not be cognizable in this appeal. *See Lincoln*, 72 A.3d at 609; *Baney*, 860 A.2d at 131.

A review of the record reveals no other meritorious issue that could provide relief.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017

- 8 -