COMMONWEALTH of Pennsylvania,
Appellee

v.

Jeremy Michael BANEY, Appellant.

Superior Court of Pennsylvania.

Submitted April 26, 2004.
Filed Sept. 3, 2004.
Reargument Denied Nov. 10, 2004.

Kyle W. Rude, Huntingdon, for appellant.

Michael T. Madeira, Asst. Dist. Atty, State College and Jerome T. Foerster, Asst. Dist. Atty., Harrisburg, for the Com., appellee.

Before: KLEIN, POPOVICH and JOHNSON, JJ.

KLEIN, J.:

¶ 1 Following a statewide grand jury investigation, Jeremy Michael Baney entered negotiated guilty pleas to 30 out of 91 charges relating to his central role in a drug distribution ring across Lycoming, Clinton, and Centre Counties. Baney appeals the negotiated aggregate sentence of 240 to 468 months' incarceration. On appeal, Baney's counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). After counsel filed the *Anders* brief, defendant filed his own *pro se* brief.

¶ 2 We have reviewed the issues contained in the *Anders* brief, and, after an independent and thorough review of the record, find all issues wholly frivolous. *See McClendon,* 434 A.2d at 1187. We then reviewed the arguments presented in defendant's *pro se* brief and find them to be without merit. Therefore, we permit counsel to withdraw and affirm.

¶ 3 Although the substantive issues raised on appeal are relatively straightforward, the procedure is not. Thus, before addressing the merits of the claims, we must first determine whether in an *Anders* situation this Court is obligated to review a *pro se* brief (or a brief filed by another attorney), or even *can* consider such briefs.

¶ 4 Initially, there seems to be a conflict between two lines of cases. *McClendon* and *Anders* provide that a lawyer seeking to withdraw from an appeal he determines to be wholly frivolous has a duty to, *inter alia,* advise his client of his right to retain new counsel, proceed *pro se* or raise any

additional points he deems worthy of the court's attention. *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa.Super.2001). At the same time, *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137 (1993) and Pa.R.A.P. 3304 [1] prohibit "hybrid representation," precluding review of a defendant's *pro se* brief if he is represented by counsel. *See Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595 (1990) (*en banc*). While a defendant is technically "represented by counsel" despite the filing of an *Anders* brief and remains so until counsel is permitted to withdraw, it appears that the right to file a *pro se* brief would be rendered meaningless if the Court will not consider it when deciding whether the flagged issues are frivolous and thus if counsel should be permitted to withdraw. Stated simply, the right to proceed *pro se* and raise additional points would be hollow if it merely embodies the right to file a document that will not be reviewed.

¶ 5 There seems to be only one reasonable course around this apparent dilemma. If an attorney files a standard appellate brief, a *pro se* brief should not be considered, in accordance with *Ellis* and Pa. R.A.P. 3304.

¶ 6 If, however, an attorney files an *Anders* brief, it is akin to the defendant being without counsel, since the attorney has not made any argument on his behalf, but has merely flagged "potential" issues. Therefore, the following is the appropriate procedure:

■ 1. The Superior Court should initially consider only the *Anders* brief to determine whether the issues are in fact wholly frivolous.

2. If the Court determines that the issues are not wholly frivolous, it should grant relief accordingly.

■ 3. If it finds the issues in the *Anders* brief to be wholly frivolous, the Court should determine whether the defendant has been given a reasonable amount of time to either file a *pro se* brief or obtain new counsel. *See Anders*, 386 U.S. at 744, 87 S.Ct. 1396 ("A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses").

■ 4. When a reasonable amount of time has passed and no *pro se* or counseled brief has been filed, the Court should dismiss the appeal as wholly frivolous pursuant to its initial determination and affirm the decision of the trial court.

5. When a *pro se* or counseled brief has been filed within a reasonable amount of time, however, the Court should then consider the merits of the issues contained therein and rule upon them accordingly.

¶ 7 *Ellis* does not compel a different result. In *Ellis*, counsel did *not* file an *Anders* brief but advocated issues on direct appeal. Ellis filed a *pro se* brief asserting issues not raised by counsel. It is in this situation that it makes sense to allow counsel to do his or her job and not allow a *pro se* defendant to muddy the waters.[2] The courts do not want to allow a layperson to shoot himself or herself in the foot by raising frivolous issues that interfere with or dilute those that may have merit. In *Ellis*, former Chief Justice Flaherty cited the now-famous maxim of

---

1. "Where a litigant is represented by an attorney before the Court and the litigant submits for filing a petition, motion, brief or any other type of pleading in the matter, it shall not be docketed but forwarded to counsel of record." Pa.R.A.P. 3304.

2. Although the *Ellis* Court referenced an *Anders* scenario in its decision, that portion of the opinion was *dicta*, as Ellis' counsel had filed an advocate's brief. *See Ellis*, 626 A.2d at 1140.

Federal Third Circuit Senior Judge Ruggero Aldisert, that "the number of claims raised in an appeal is usually in inverse proportion to their merit." 626 A.2d at 1140–1141, *citing* R. Aldisert, "The Appellate Bar: Professional Competence and Professional Responsibility—A View From the Jaundiced Eye of One Appellate Judge," 11 Cap. U.L. Rev. 445, 458 (1982).

■ ¶ 8 If, as in this case, an *Anders* brief is filed, the defendant should be permitted to present his issues to the Court prior to the final disposition of the appeal. Otherwise, the requirement of notifying the client of his right to do so would be a pointless exercise.

■ ¶ 9 In this case, at first blush there appears to be a *Lord*[3] problem, since some of the issues addressed by Baney in his *pro se* brief were not raised in the Rule 1925(b) statement filed by his counsel. However, this situation has been addressed by *Commonwealth v. Hernandez,* 783 A.2d 784 (Pa.Super.2001). There, this Court held that *Anders* requires review of claims otherwise waived under *Lord. Hernandez,* 783 A.2d at 787. *See also Commonwealth v. Bishop,* 831 A.2d 656, 659–660 (Pa.Super.2003) (failure to file a Rule 1925(b) statement did not preclude review of merits of all claims pursuant to *Anders*; "to hold otherwise would prevent a defendant from choosing to proceed *pro se*" which would "nullify a defendant's constitutional right to direct appeal, and eliminate one of the choices available to a defendant under *Anders*").

¶ 10 Therefore, we have reviewed the record to determine whether counsel was correct in deeming all possible appellate issues wholly frivolous, and we conclude that they are. Further, we review defendant's *pro se* brief and find that his issues are without merit, so we affirm.

¶ 11 In his *pro se* brief, Baney raises issues similar and in addition to those contained in counsel's *Anders* brief. As noted, we will address the issues contained in both briefs in fulfillment of our duty to conduct an independent and thorough examination of the record on appeal and our obligation to allow the defendant to raise his own issues *pro se. McClendon,* 434 A.2d at 1187.

¶ 12 The following issues have been raised on appeal: (1) whether the trial court had jurisdiction over the charges pertaining to offenses occurring in Centre and Lycoming Counties; (2) whether the trial court imposed an illegal sentence because the minimum sentence exceeded one-half the maximum in violation of 42 Pa.C.S. § 9756(b) (the "minimum-maximum rule"); (3) whether the trial court imposed an illegal sentence by not merging Baney's conspiracy and corrupt organizations convictions for sentencing purposes; (4) whether the trial court abused its discretion in imposing its sentence; and (5) whether Baney entered his negotiated guilty plea knowingly and voluntarily.

### *Jurisdiction*

■ ¶ 13 Baney claims that the Court of Common Pleas of Clinton County did not have jurisdiction over the offenses occurring in Centre and Lycoming Counties. Baney's claim is refuted by both the governing statute, 42 Pa.C.S. § 4551(d), and controlling precedent. Section 4551(d) provides that "where a multicounty investigating grand jury returns a presentment the supervising judge shall select the county for conducting the trial from among those counties having jurisdiction." In *Commonwealth v. Bradfield,* 352 Pa.Super. 466, 508 A.2d 568 (1986), this Court held that where, as here, several alleged offenses occurring across several counties

---

**3.** *Commonwealth v. Lord,* 553 Pa. 415, 719   A.2d 306 (1998).

are prosecuted pursuant to section 4551, "it is not necessary that the county so chosen be the situs of each and every crime charged. It is enough that one of the offenses being tried occurred in that county." *Id.* at 572. In the instant case, many of the offenses occurred in Clinton County. Accordingly, Baney's claim is frivolous.

### Sentencing

■ ¶ 14 Baney claims that the trial court imposed an illegal sentence because the minimum sentence exceeded one-half the maximum in purported violation of 42 Pa.C.S. § 9756(b). This claim is likewise frivolous as it has been previously rejected by this Court. In *Commonwealth v. Hockenberry*, 455 Pa.Super. 626, 689 A.2d 283 (1997), this Court upheld a minimum seven-year and maximum ten-year sentence imposed pursuant to 18 Pa.C.S. § 7508, the identical statute at issue in the case at bar. The *Hockenberry* Court noted that section 7508, a comprehensive statute regarding punishment for drug trafficking, provides that the minimum sentences contained therein shall apply " '[n]otwithstanding any other provisions of this or any other act to the contrary.' " *Hockenberry* at 289, *quoting* 18 Pa.C.S. § 7508(a). Given that section 7508 was enacted well after enactment of the minimum-maximum rule, the Court determined that the legislature clearly intended section 7508 to supersede the limits set forth in 42 Pa.C.S. § 9756(b). *Hockenberry* at 289. *See Commonwealth v. Bell*, 537 Pa. 558, 645 A.2d 211 (1994) (section 7508's mandatory minimum sentence provisions requiring 3 to 5 year sentence, despite conflict with minimum-maximum rule of 42 Pa.C.S. § 9756, was not unconstitutional; section 7508 was subsequently enacted by the legislature and with intention of invoking harsher penalties to deter drug trafficking).

¶ 15 Here, Baney was sentenced in accordance with the mandatory minimum sentence requirements for drug trafficking set forth in section 7508. As such, his contention that the trial court imposed an illegal sentence in violation of the minimum-maximum rule is without merit.

¶ 16 Baney also claims that the court erred by not merging his conspiracy and corrupt organizations convictions for sentencing purposes. This argument has been raised and rejected in *Commonwealth v. Stocker*, 424 Pa.Super. 189, 622 A.2d 333, 347 (1993). Accordingly, this claim of Baney is also frivolous.

■ ¶ 17 Baney additionally attempts to contest various discretionary aspects of his sentence. However, having entered a valid negotiated guilty plea, as will be discussed, Baney cannot challenge the discretionary aspects of his sentence. *See Commonwealth v. Reichle*, 404 Pa.Super. 1, 589 A.2d 1140 (1991); *Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987). Thus, this claim is frivolous.

### Validity of Guilty Plea

■ ¶ 18 Baney claims that he did not knowingly and voluntarily enter his negotiated plea of guilty. The record refutes this claim. In order to ensure that a defendant understands the connotations of the plea and its consequences, Pennsylvania Rule of Criminal Procedure 590 requires the court to inquire into the following areas during the plea colloquy: "(1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super.2002) (citation omitted); Comment to Pa.R.Crim.P. 590.

¶ 19 Here, the record amply demonstrates that Baney's plea colloquy covered

each of the above six areas (*see* N.T. 5/19/03, 7–14). The comprehensive plea colloquy notwithstanding, Baney asserts that he was unable to understand his guilty plea proceedings because he supposedly suffers from bipolar disease. However, the trial court very plainly asked defendant on the record whether he suffered from any mental or physical disability that would interfere with his ability to understand the guilty plea proceedings, to which Baney responded in the negative (*id.* at 7–8). Further, Baney unequivocally stated that he understood all the questions being asked, and was entering his guilty plea voluntarily (*id.* at 13). Only after the court was satisfied that Baney knew all of his rights and was making an intelligent and voluntary decision, did it accept Baney's negotiated guilty plea (*id.* at 18). As such, Baney's claim is frivolous and provides no basis for relief. *See Muhammad,* 794 A.2d at 384 (appellant is bound by statements made during plea colloquy and may not successfully assert claims that contradict such statements).

¶ 20 Judgment of sentence affirmed. Counsel is permitted to withdraw.[4]

¶ 21 JOHNSON, J. files a Concurring Statement.

¶ 22 POPOVICH, J. concurs in the result.

JOHNSON, J., concurring:

¶ 1 I reserve judgment on the Majority's discussion of the issue of "hybrid representation," the extent of counsel's representation mandated by *Anders v. California,*

386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the process *Anders* suggests for disposition of merit briefs filed by an appellant on his own behalf. Nevertheless, I join in the Majority's discussion and disposition of the merits of Baney's claims. As the Majority has observed, Baney's challenges to the trial court's jurisdiction, the legality of the sentence the court imposed, and the voluntariness of the plea Baney tendered are entirely frivolous. Consequently, they provide ample reason for counsel's petition to withdraw and the Majority's decision to grant that petition. *See Anders, supra; Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). These same claims, raised by Baney in his *pro se* brief, are insufficient, per force, to demonstrate reversible trial court error. Accordingly, I agree with the Majority that Baney's counsel must be permitted to withdraw and his judgment of sentence affirmed.

---

4. In his petition to withdraw, counsel averred that upon review of the record he had determined that Baney's claims "lacked merit." In order to be permitted to withdraw, however, counsel must be satisfied that the appeal would be "wholly frivolous." *Anders,* 386 U.S. at 744, 87 S.Ct. 1396; *McClendon,* 434 A.2d at 1187. It is well settled that lack of merit in an appeal is not the legal equivalent of frivolity. *Commonwealth v. Heron,* 449 Pa.Super. 684, 674 A.2d 1138, 1140 (1996). However, based on our independent review of the entire record, we conclude that the appeal is wholly frivolous, and permit counsel to withdraw. We urge counsel to exercise greater precision when seeking withdrawal in the future, should such circumstances arise.