J-S48008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRITNEY GOODWINE | |
| Appellant | No. 923 WDA 2015 |

Appeal from the Judgment of Sentence May 12, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013169-2014

BEFORE: BOWES, DUBOW AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J:                    **FILED SEPTEMBER 19, 2016**

Britney Goodwine appeals from the judgment of sentence of two years probation that the trial court imposed after she pled guilty to delivery of a controlled substance (heroin), possession of a controlled substance (heroin) with intent to deliver, possession of a controlled substance (heroin), and conspiracy. Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

The above delineated charges were instituted against Appellant based upon the following events, which we have garnered from the affidavit

supporting the criminal complaint.[1]  At approximately 11:00 a.m. on April 14, 2014, Penn Hills Police Detective Nathan Laero used a confidential informant ("CI") to conduct a controlled buy of ten bags of heroin.  In Defective Laero's presence, the CI contacted the intended target of a drug interdiction, Melvin Harris, III, and ordered the heroin.  Under the detective's direct observation, the CI then entered a laundromat on 6026 Saltsburg Road, Penn Hills, and met with Harris and Appellant.  Detective Laero saw Appellant exchange ten bags of heroin with the CI in exchange for cash.

On May 12, 2015, Appellant tendered a negotiated guilty plea to the four charges in exchange for a sentence of probation to be determined by the court.  The matter proceeded to sentencing, and the court imposed a two-year probationary term.  Appellant was apprised of her post-sentence rights.  Guilty Plea, Explanation of Defendant's Rights, 5/12/14, at 6-8.

Appellant did not file any post-sentence motion.  The present appeal was filed on June 9, 2015.  As noted, counsel has moved to withdraw.  Since we do not consider the merits of an issue raised in an *Anders* brief without first reviewing a request to withdraw, we now address counsel's petition to withdraw.  *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).  In order to be permitted to withdraw, counsel must meet three

---

[1] This affidavit was utilized as the factual basis for entry of the guilty plea.

procedural requirements: 1) file a petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

Counsel has complied with the procedural requirements of **Anders**. His motion to withdraw indicates that he reviewed the record and, based on that review, determined that this appeal is frivolous. The petition also states that counsel mailed a copy of the motion to withdraw and the brief to Appellant and that he told Appellant about her right to hire counsel or represent herself in this appeal. A letter to Appellant is attached to the motion to withdraw, and it confirms that Appellant received a copy of the documents in question and was told about her right to proceed with private counsel or *pro se*.

We now examine the briefing requirements when counsel seeks to withdraw on direct appeal. Pursuant to **Santiago**, an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Appellant's brief satisfies the mandates of *Santiago*. It sets forth the procedural and factual history of this matter. Counsel then extensively examines the plea colloquy, establishes why it was valid, cites a significant amount of pertinent legal authority, and indicates that Appellant's sentence, being compliant with the negotiated plea and within the statutory limits, cannot be challenged. Thus, the issue, as framed to this panel, is whether the public defender's office should be permitted to withdraw. Appellant's brief at 2.

We conclude that the public defender's office should be permitted to withdraw because no issues are preserved for appeal. Any objections to the validity of the plea and sentence have been waived. In *Commonwealth v. Lincoln*, 72 A.3d 606 (Pa.Super. 2013), a direct appeal, Lincoln had not filed a post-sentence motion seeking to withdraw his guilty plea. We concluded that any challenges to the validity of the guilty plea were waived for purposes of the direct appeal, observing that "a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Id*. at 609-10 (citations omitted). Such waiver flows from application of Pa.R.A.P. 302, which provides that issues not raised in the trial court are waived for purposes of appeal. In the present matter, Appellant waived all

challenges to the validity of her guilty plea for purposes of direct appeal by neglecting to object to its validity at the plea proceeding or in a post-sentence motion.

Any sentencing challenges are likewise waived. Appellant raised no objection to the sentence when it was imposed, and she failed to file a post-sentence motion. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003) (citation omitted) ("[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Moreover, Appellant cannot challenge the discretionary aspects of the sentence imposed since it comported with the negotiated guilty plea, which called for a probationary term. It is well settled that

> [w]here the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. "If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement." Permitting a discretionary appeal following the entry of a negotiated plea [ ] would undermine the designs and goals of plea bargaining, and "would make a sham of the negotiated plea process[.]"

***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa.Super. 1991) (citations omitted); ***accord Commonwealth v. Baney,*** 860 A.2d 127, 131 (Pa.Super. 2004).

We have conducted an independent review of the record, as required by **_Commonwealth v. Flowers_**, 113 A.3d 1246, 1249 (Pa.Super. 2015), and have concluded that there are no preserved non-frivolous issues that can be raised in this appeal. Hence, we concur with counsel's assessment and allow him to withdraw.

Petition of Scott B. Rudolf, Esquire, to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2016