J-S28016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARKUS TROY CARWELL | : | |
| | : | |
| Appellant | : | No. 1992 MDA 2017 |

Appeal from the Judgment of Sentence, November 21, 2017,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0003834-2017.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 05, 2018**

Marcus Troy Carwell appeals from the judgment of sentence imposed after he pled guilty to burglary, robbery (inflicting serious bodily injury), criminal conspiracy to commit robbery, and aggravated assault (bodily injury with a deadly weapon).[1]  Carwell's counsel has filed a petition to withdraw, in which she alleges that this direct appeal is wholly frivolous.  Agreeing with counsel's assessment, we grant her petition to withdraw and affirm Carwell's judgment of sentence.

---

[1] 18 Pa.C.S.A. § 3502(a)(1), 18 Pa.C.S.A. § 3701(a)(1)(i), 18 Pa.C.S.A. § 903 and 18 Pa.C.S.A. § 2702(a)(4).

The Commonwealth originally charged Carwell with burglary, robbery, criminal conspiracy, aggravated assault, simple assault[2], terroristic threats[3] and unlawful restraint.[4] These charges arose from an incident in which Carwell entered the victim's home with others, threatened the victim while holding a gun to him, and tied him up.

Initially, Carwell was represented by Attorney Daniel Kaye from the public defender's office. At the pre-trial conference held on October 23, 2017, Attorney Raymond Stout entered his appearance to represent Carwell.

On November 21, 2017, Carwell entered a negotiated plea of guilty to burglary, robbery, criminal conspiracy, and aggravated assault; the three other charges were *nol prossed*. The substantial fines associated with these charges also were waived. In accordance with the plea agreement, the trial court imposed an aggregate sentence of eight and one-half to seventeen years of incarceration along with an order for restitution.

On December 21, 2017, Carwell's appellate counsel, Attorney Diana C. Kelleher, filed a Notice of Appeal based upon a letter from Carwell indicating his desire to appeal. On January 16, 2018, counsel timely filed a statement of intent to file an **Anders/McClendon** brief in lieu of a statement of errors complained of on appeal. The trial court filed its Opinion Sur Appeal on January 22, 2018. Carwell filed no response.

---

[2] 18 Pa.C.S.A. § 2701(a)(3).
[3] 18 Pa.C.S.A. § 2706.
[4] 18 Pa.C.S.A. § 2902.

- 2 -

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court explained what is required to be included in an *Anders* brief:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"While the Supreme Court in *Santiago*, set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in [*Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005)] that remain binding precedent. *Daniels*, 999 A.2d at 594. Thus, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted).

Our review reveals that Carwell's counsel substantially complied with the requirements of ***Anders*** and ***Santiago***. "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted). Stated differently, this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel. ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015).

In her brief, counsel summarizes Carwell's primary issue for appeal as whether his plea was made knowingly, voluntarily and intelligently and therefore valid. ***See Anders*** Brief at 9-10. Specifically, Carwell claims that he was forced into taking the plea and, on appeal, desires to challenge the voluntariness of it. Our review of the record, however, reveals that contrary to his argument, Carwell knowingly, voluntarily and intelligently entered his negotiated guilty plea.

In order to ensure that a defendant understands the significance of the plea and its consequences, the trial court is required to inquire into the following areas during the plea colloquy: "(1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption

of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence." ***Commonwealth v. Baney***, 860 A.2d 127, 132 (Pa.Super. 2004) (*quoting **Commonwealth v. Muhammad***, 794 A.2d 378 (Pa. Super. 2002)); Pa.R.Crim.P. 590, Comment. On appeal, "[t]his Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea." ***Baney***, 794 A.2d at 132.

The record in this case shows that the trial court conducted a thorough, on-the-record inquiry during the guilty plea colloquy. The trial court covered each of the areas required by law. Thus, Carwell clearly entered his plea voluntarily.

This notwithstanding, Carwell claims that at the pre-trial conference, the trial judge threatened Carwell that if he exercised his right to a trial, the judge would impose maximum sentences on each count and run them separately. ***See Anders*** Brief at 10. Our review of the pre-trial conference transcript reveals, as did counsel's review, that the trial judge made no such statement or even any other statement that could be construed as such. Moreover, when asked on his written colloquy whether he was threatened or forced to plead guilty, Carwell answered "no". He further stated that he was making the decision to plead guilty of his own free will. An "appellant is bound by statements made during plea colloquy and may not successfully assert claims that contradict such statements." ***Baney***, 860 A.2d at 132.

Carwell further claims that both his trial counsel and plea counsel were ineffective, and that, somehow, this resulted in his plea being involuntarily given. *See Anders* Brief at 10. Carwell was originally represented by an attorney from the public defender's office. At the pre-trial conference, however, that attorney was excused from the case, and replaced by another, who represented Carwell through his plea. In particular, Carwell claims that his plea counsel told him that he could not file any motion, because his first attorney had put him in a jam, and that if he went to trial, he would lose.

It is well-established that, unless one of the limited exceptions is present in a particular case and the defendant has waived his right to PCRA review, neither of which exist herein, "claims of ineffective assistance of counsel are to be deferred to PCRA review . . . such claims should not be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). Consequently, such claims raised by Carwell are premature, and we will not address them in his direct appeal.

Considering the totality of the circumstances surrounding Carwell's plea, we conclude that Carwell entered a knowing, intelligent and voluntary guilty plea. We, therefore, agree with counsel's assessment that the issues raised by Carwell are frivolous. Furthermore, our independent review of the record reveals no other non-frivolous bases for appeal. *Flowers*, *supra*. Thus, this appeal is "wholly frivolous."

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2018