J-S06012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREEK MCNEIL | : | |
| | : | |
| Appellant | : | No. 1586 EDA 2018 |

Appeal from the Order Entered May 3, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008634-2014

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                           **FILED JUNE 06, 2019**

Tyreek McNeil appeals *pro se* from the May 3, 2018 order dismissing his

PCRA petition.[1]  We affirm.

The PCRA court summarized the facts underlying Appellant's conviction

as adduced at the guilty plea hearing:

> On September 26, 2013, the Appellant robbed two men as
> they exited a bakery on the corner of 8th and Watkins Street in
> the City of Philadelphia.  The Appellant approached both men on
> a bike, held the two men at gunpoint, and demanded money.  The
> Appellant took money and a cell phone from the first victim, and
> then demanded that the second victim hand over his backpack.
> The second victim and the Appellant then struggled over the
> backpack.  During the struggle, the Appellant shot the victim,

---

[1]  Appellant maintained that he was appealing from his January 19, 2017 judgment of sentence.  If we were to treat it as such, we would quash his appeal as untimely.  However, since Appellant filed the instant appeal within thirty days of the May 3, 2018 order denying PCRA relief, and stated on the cover of his brief that he was appealing from the order denying post-conviction relief, we will treat it as a timely appeal from that order.

Josegabino Aparicio-Jeranimo, three times in the torso. Then the Appellant fled the area with the backpack, money, and cell phone. The victim died as a result of the gunshot wounds.

PCRA Court Opinion, 8/3/18, at unnumbered 2-3 (citations omitted

Appellant was charged by criminal information with fifteen counts, including murder. On May 27, 2015, he entered a negotiated guilty plea to third-degree murder, two counts of first-degree felony robbery, and three firearms offenses, and the Commonwealth *nolle prossed* the remaining nine charges. Sentencing was deferred to permit a presentence investigation. On January 19, 2017, Appellant was sentenced as negotiated and agreed upon to an aggregate term of fifteen to thirty years of imprisonment.[2]

Appellant did not seek to withdraw his plea or file a direct appeal. Instead, he filed a timely *pro se* PCRA petition in which he checked the boxes alleging ineffective assistance of counsel and imposition of a sentence greater than the lawful maximum. He also represented therein that his sentence exceeded the guidelines since he had a prior record score of one and no prior violent offenses.

Counsel was appointed, and he filed a motion to withdraw and a ***Finley***[3] no-merit letter. In his no-merit letter, counsel explained that Appellant misunderstood the sentencing guidelines and that the sentence imposed was

_____

[2] The negotiated sentence was fifteen to thirty years of imprisonment at Count 1 (third-degree murder); five to ten years of incarceration on each of the robbery counts, Counts 2 and 9; three to six years at Count 3 (possession of firearm prohibited-F2). No further penalty was imposed at Counts 4 and 7, and all sentences were to run concurrently.

[3] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

- 2 -

a guideline sentence and did not exceed the statutory maximum. Moreover, counsel pointed out that it was a negotiated sentence and that counsel had performed ably in handling the negotiations. After conducting an independent review of the record, counsel concluded that the issues raised in Appellant's *pro se* petition had no arguable merit and that there were no other potentially meritorious issues to advance on Appellant's behalf. Counsel represented that he sent Appellant a copy of the no-merit letter/brief, a copy of his motion to withdraw, and that he advised Appellant of his right to proceed *pro se* or to obtain new counsel.

The PCRA court issued a Rule 907 notice of its intent to dismiss the petition on April 3, 2018, and Appellant did not file a response. Accordingly, the court dismissed the petition on May 3, 2018 and granted counsel's request to withdraw.

Appellant timely filed the within appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises one issue for our review:

A) Whether the lower court abused it's [sic] discretion when it impermissibly relied on the aggregated [sic] circumstances and or factors, and failed to consider mitigating factors and imposed an aggregate sentence of 15 to 30 years which was manifestly excessive under the circumstances.

Appellant's brief at 4.

When reviewing the propriety of an order granting or denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872

- 3 -

(Pa.Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*)). We are limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Id**.

Appellant alleges that the trial court abused its discretion when it failed to consider mitigating factors and imposed a manifestly excessive sentence.[4] As the PCRA court correctly noted, however, since Appellant received a negotiated sentence, he is precluded from challenging the discretionary aspects of his sentence. PCRA Court Opinion, 8/3/18, at 8 (citing **Commonwealth v. Baney**, 860 A.2d 127, 131 (Pa.Super. 2004)); **see also Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa.Super. 2009) (holding that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal related to those agreed upon penalties"). This claim fails.

In his *pro se* PCRA petition, Appellant alleged that his sentence was excessive because it was a departure from the sentencing guidelines. Although he does not argue illegality of sentence on appeal, we may address it *sua sponte* in a timely PCRA petition. **See Commonwealth v. Ballance**,

---

[4] We note that the trial court deferred sentencing to allow time for a presentence investigation report. As we held in **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa.Super. 2009), "where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."

203 A.3d 1027 (Pa.Super. 2019) (recognizing that legality of sentence is always subject to review within the PCRA providing the court has jurisdiction, which is tied to the filing of a timely petition).

We find that Appellant did not receive an illegal sentence. In the classic sense, an illegal sentence is one that exceeds the statutory maximum. Although the agreed-upon sentence for third-degree murder was in the aggravated range, it did not exceed the statutory maximum. The individual sentences imposed on the two robbery counts and the firearms violation also did not exceed the statutory maximum, and, moreover, the negotiated guilty plea provided that those sentences would run concurrent to the sentence imposed on the count of third-degree murder. As the PCRA court noted at the guilty plea hearing, and again in its opinion, Appellant faced a maximum aggregate penalty of fifty-one to 102 years of imprisonment. PCRA Court Opinion, 8/3/18, at 7. Pursuant to the negotiated guilty plea, he was sentenced in the aggregate to fifteen to thirty years imprisonment, well below the statutory maximum.[5]

Finally, Appellant alleges for the first time on appeal that counsel induced him to enter an involuntary guilty plea by providing incorrect advice about the potential sentence he could receive if he went to trial and was found

---

[5] Additionally, as the Commonwealth correctly points out, Appellant's sentence was not based on an unconstitutional sentencing statute, and thus, it was not illegal on that basis.

guilty. In addition, he avers that counsel failed to file a motion to withdraw the plea. These ineffectiveness claims are waived as Appellant did not present them in his PCRA petition, nor seek leave to amend his petition to assert them. *See Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) (holding that a claim not raised in a PCRA petition cannot be raised for the first time on appeal). No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/19