J-S05009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:          PENNSYLVANIA
:
v.              :
:
:
AARON EZALL BEARD          :
:
Appellant       :   No. 806 WDA 2018

Appeal from the Judgment of Sentence April 23, 2018
In the Court of Common Pleas of Blair County
Criminal Division at No(s):   CP-07-CR-0000470-2018,
CP-07-CR-0000471-2018,
CP-07-CR-0000984-2016,
CP-07-CR-0001367-2017,
CP-07-CR-0001974-2016

BEFORE:   PANELLA, P.J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, P.J.:       **FILED AUGUST 27, 2019**

Aaron Ezall Beard appeals[1] from the judgement of sentence imposed after Beard and the Commonwealth entered into a negotiated plea agreement. We affirm.

---

[1] We note Beard's notice of appeal lists five separate docket numbers. *See* Notice of Appeal, 5/23/18. In June of 2018, the Pennsylvania Supreme Court in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.,*** at 977 (footnote omitted). Nevertheless, the ***Walker*** Court specifically announced its decision would be applied prospectively only. ***See id.*** Therefore, because the notice of appeal in the present case was filed before ***Walker***, we need not quash this appeal.

---

*   Retired Senior Judge assigned to the Superior Court.

Beard was charged under the above five docket numbers with various crimes and offenses. He was charged under CP-07-CR-0000984-2016 with two counts of aggravated assault and related crimes. He was charged under CP-07-CR-0001974-2016 with two counts of forgery and related offenses. He was charged under CP-07-CR-0001367-2017 with one count of retail theft. Finally, he was charged under both CP-07-CR-0000470-2018 and CP-07-CR-0000471-2018 with one count of forgery and other related offenses.

At the guilty plea hearing, the Commonwealth and Beard presented the trial court with an agreement whereby Beard would be sentenced to three and one-half to fifteen years of incarceration. After administering an oral colloquy to Beard,[2] the trial court accepted the negotiated plea and proceeded immediately to sentencing. Beard was sentenced at the above docket numbers to the agreed-upon aggregate term of three and a half to fifteen years of incarceration.

Beard subsequently filed a motion to modify sentence contending his sentence was an abuse of discretion by the trial court and he should have

_____

[2] As part of the oral colloquy, Beard acknowledged that he understood the plea agreement as outlined by the prosecutor and his counsel, that he wished to plead guilty in accordance with that plea agreement, and that he understood the rights he was waiving. *See* N.T., Guilty Plea & Sentencing, 4/23/2018, at 3-5. He further acknowledged that he completed two different sets of guilty plea colloquy forms which included the agreed-upon sentence. *See id*., at 4.

received a lesser sentence. **See** Motion to Modify Sentence, filed 5/23/2018, at 1. The motion was denied. This appeal followed.

Beard's sole issue on appeal is a challenge to the discretionary aspects of sentencing. Specifically, Beard argues "the sentence imposed was excessive under the facts and circumstances of the instant case." Appellant's Brief, at 18. Because Beard pled guilty, we must examine the effect of his guilty plea upon his discretionary aspects claim. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

> It is well settled when the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

**Id**. (citation and formatting omitted)

Here, Beard negotiated the terms of his guilty plea, including the specific duration of the sentence with which he now takes issue. After accepting his plea, the trial court sentenced him to the agreed-upon sentence. **See** Order of Sentence, 5/4/2018. Beard did not challenge the validity of the plea

proceedings or move to withdraw his plea. Thus, Beard received precisely the sentence for which he bargained, and cannot challenge the discretionary aspects of that sentence. *See Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (dismissing Appellant's appeal of discretionary aspects of sentence where she received precisely what she was promised under the terms of her negotiated plea agreement); *see also Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms … the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea"); *Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004) (finding an appellant may not challenge the discretionary aspects of his sentence when his negotiated plea included the terms of his sentence). Accordingly, we find Beard's sole issue merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2019

- 4 -