J-S13038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LANCE WALSTON :
:
Appellant : No. 1286 EDA 2020

Appeal from the PCRA Order Entered June 9, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002118-2018

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.: Filed: May 13, 2021

Lance Walston appeals the order of the Court of Common Pleas of Chester County ("PCRA court") denying his petition for post-conviction relief. In 2019, Walston entered a negotiated plea as to two criminal cases at docket numbers, CP-15-CR-2118-2018 ("case 2118") and CP-15-CR-911-2019 ("case 911"). As to case 2118, he received a prison term of 2 to 4 years, and as to case 911, he received a consecutive prison term of 1 to 2 years, followed by 2 years of probation. Walston filed a petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, claiming that part of his sentence must be vacated because his plea counsel had assured him that case 911 would be dismissed if he entered a plea as to case 2118. We affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

**I.**

In 2019, Walston entered a negotiated plea agreement as to two cases involving the sale of narcotics. Case 911 concerned one count of possession with intent to deliver,[1] and case 2118 concerned that same offense, but on a different date. The written global plea agreement clearly provided that Walston would be entering a plea as to two separate counts, and that he would be receiving consecutive sentences as to each case.

The terms outlined in the global plea agreement mirrored the two sentences that Walston ultimately received. The agreement bears Walston's signature, and he initialed several specific items on the plea form indicating that he understood the charges and the penalties that would be imposed.

Specifically, as to the voluntariness of the plea, Walston initialed the lines stating that no one had made promises other than what was contained in the written plea agreement forms. He also signed and initialed the page stating that his plea counsel had fully discussed the plea with him and that the decision to enter the plea was Walston's alone. Walston then reaffirmed orally that he was satisfied with plea counsel's explanation about all plea terms, allowing him to make a voluntary decision to enter the plea. **_See_** Plea Hearing Transcript, 3/22/2019, at pp. 5-6.

---

[1] 35 Pa.C.S. § 780-113(a)(30).

- 2 -

As to the imposition of penalties, the transcript of the plea hearing is fully consistent with what the written plea forms reflects:

[Court]: On [case] 2118 . . . charging possession with intent to deliver, you're sentenced to two to four years state incarceration. You'll have credit for the time you have already served from May 22nd of 2018 until today's date. You're to pay a ten dollar fine, plus costs of prosecution. You're to have a drug and alcohol evaluation and follow recommendations for treatment. Court costs will include the lab fee. And you owe restitution in the amount of two hundred dollars to the Chester County Municipal Drug Task Force. You are not eligible for the RRRI program.

On [case] 911 . . . charging possession with intent to deliver, you're sentenced to one to two years state incarceration to run consecutively to term 2118 of 2018. **So you're serving an aggregate of three to six years**.

[Walston]: **Yes.**

[Court]: You have to do the drug and alcohol treatment if it's been recommended for you and pay a ten dollar fine, plus court costs. Again, you're not RRRI eligible on that offense either. There is two years consecutive probation on that case.

\* \* \* \*

[Court]: So you need to get away from where you have been using in the past. And you need to get away from the people. That's really going to be your bottom line. **Do you have any questions at all about the sentence**?

[Walston]: **No. I appreciate everything**.

*Id*. at pp. 8-10 (emphasis added).

Walston timely filed a post-sentence motion to modify the terms of his sentence, as well as a motion challenging the validity of his plea. Both of those motions were denied. He did not file a direct appeal as to the judgment of sentence. Rather, Walston filed a timely PCRA petition, *pro se*, on August

- 3 -

2, 2019, and PCRA counsel was appointed days later. On December 26, 2019, PCRA counsel filed a no-merit letter and a petition to withdraw pursuant to the requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988). Walston filed an objection to counsel's withdrawal, insisting that plea counsel's misadvice had caused him to enter his plea involuntarily.

The PCRA court denied Walston's petition and granted PCRA counsel's application to withdraw from the case. In its 1925(a) opinion, the PCRA court treated Walston's claim of error as a challenge to the voluntariness of his plea based on counsel's misadvice. **See** 1925(a) Opinion, 9/29/2020, at 2-3.

Walston timely appealed, and in his *pro se* appellate brief, he raises three related issues. He claims first that his plea counsel was ineffective by misadvising that in exchange for his plea, another case would be dismissed, rendering his plea involuntary. Next, he claims that plea counsel was ineffective in not seeking to have the purported plea agreement enforced. Lastly, Walston claims that the plea agreement must be enforced, resulting in the sentence being vacated as to case 911.[2]

---

[2] Walston appears to be making alternative claims that his plea should be found invalid, *and* that his valid plea should be enforced. In his PCRA petition, Walston similarly sought both a new trial and a correction of his sentence. **See** PCRA Petition, 8/2/2019, at p. 6. We construe the request to vacate the plea as a PCRA claim, and the request to enforce the plea as a request for specific performance as to a contract. While the latter claim falls outside of the ambit of the PCRA, this Court may still consider its merits. **See generally Commonwealth v. Kerns**, 220 A.3d 607, 611-12 (Pa. Super. 2019).

**II.**

All three of Walston's appellate claims hinge on the voluntariness of his plea and whether the terms of his sentences correspond to his global plea agreement. The first claim is that Walston's plea counsel was ineffective in failing to communicate the sentence he would be receiving in exchange for his pleas in the two subject cases. The denial of PCRA relief will be upheld if the ruling of the PCRA court is supported by the record and free of legal error. ***Commonwealth v. Washington,*** 927 A.2d 586, 593–94 (Pa. 2007).

To prevail on an ineffectiveness claim, the petitioner must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Pierce***, 527 A.2d 973, 974 (Pa. 1987). If a petitioner fails to satisfy any prong of the ineffectiveness test, then the claim must be rejected. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2022). "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." ***Commonwealth v. Kersteter,*** 877 A.2d 466, 468 (Pa. Super. 2005). In a PCRA claim of ineffective plea counsel, the

- 5 -

prejudice prong requires a showing that there is a reasonable likelihood that but for plea counsel's deficient performance, he would have gone to trial. *See* *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa. Super. 2006).

However, a PCRA petitioner is bound by the sworn statements made during the plea colloquy; he may not contradict those statements when seeking to withdraw the plea or asserting that plea counsel was ineffective. *See Commonwealth v. Brown*, 48 A.3d 1275, 1277-78 (Pa. Super. 2012); *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011); *Commonwealth v. Baney*, 860 A.2d 127, 132 (Pa. Super. 2004).

In this case, the record refutes Walston's ineffectiveness claim because in both the sworn plea colloquy and in his signed plea agreement, Walston stated that he understood he would be entering a plea as to two separate matters, cases 2118 and 911. He was then sentenced exactly as outlined in the negotiated plea agreement. Walston is bound by the statements he made during the plea colloquy, so the underlying claim that he was misadvised by plea counsel has no merit. Thus, this first appellate claim was properly denied.

For the same reasons, no relief is due with respect to Walston's second appellate claim. Walston has argued that plea counsel was ineffective by not objecting to the sentence on the ground that he had negotiated to have case 911 dismissed. This claim is unsubstantiated and, in fact, the record shows that Walston's sentence in the two cases matches the terms stated in the negotiated plea agreement. Walston has not carried his burden of

demonstrating that his plea was involuntary, and plea counsel cannot be found ineffective for failing to assert a baseless objection to the sentence. Thus, Walston's second appellate claim has no merit.

Lastly, Walston has asserted in the third appellate ground that this Court should enforce his plea agreement with the Commonwealth by vacating the sentence as to case 911. While such claims fall outside the scope of the PCRA, they may nevertheless be considered here under the contractual enforcement theory of specific performance. *See Commonwealth v. Snook*, 230 A.3d 438, 446 (Pa. Super. 2020); *Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa. Super. 2019).

However, regardless of whether this claim falls under the PCRA or contract law, no relief would be due. As stated above, the record confirms that Walston received the sentencing terms that he had negotiated, and he is not entitled to alter them. Thus, for all the reasons outlined above, the PCRA court did not err in denying Walston's claims, and the order on review must stand.

Order affirmed.

Judge Olson joins the memorandum.

Judge King did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/21