J-S35043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY MICHAEL BANEY | : | |
| | : | |
| Appellant | : | No. 260 MDA 2024 |

Appeal from the PCRA Order Entered January 30, 2024
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000109-2002

BEFORE: PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: OCTOBER 18, 2024**

Appellant, Jeremy Michael Baney, appeals from the order entered in the Clinton County Court of Common Pleas, which denied as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On May 19, 2003, Appellant entered a negotiated guilty plea to 22 counts of possession with intent to deliver a controlled substance, five counts of money laundering, and one count each of criminal use of a communication facility and corrupt organizations. On August 11, 2003, the court sentenced Appellant in accordance with his plea agreement to an aggregate term of 20 to 39 years' incarceration. On September 3, 2004, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal on June 7, 2005. *See Commonwealth v. Baney*, 860 A.2d 127

(Pa.Super. 2004), *appeal denied*, 583 Pa. 678, 877 A.2d 459 (2005).

Thereafter, Appellant filed numerous unsuccessful PCRA petitions. On August 7, 2017, he filed the current, counseled serial PCRA petition. In it, Appellant raised several issues, and asserted the governmental interference and newly-discovered fact exceptions to the PCRA time-bar based upon the Commonwealth's alleged failure to provide Appellant with information regarding his co-defendants' plea agreements during discovery.[1] Appellant further argued that all prior counsel were ineffective for failing to discover the existence of his co-defendants' plea deals. Appellant claimed he first discovered his co-defendants' plea agreements in June 2017. On January 19, 2022, the court issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

---

[1] Appellant filed *pro se* amended PCRA petitions on August 15, 2019, October 3, 2019, October 14, 2019, March 17, 2020, and January 19, 2022. At times during the filing of these petitions, Appellant appeared to be represented by counsel; at other times, Appellant was *pro se*. For example, the court granted a motion to withdraw as counsel on May 8, 2019, and appointed the public defender's office the same day. On February 20, 2020, the public defender's office, which had previously represented Appellant's co-defendant, sought and was granted permission to withdraw, and new counsel was appointed. Therefore, any of the amended *pro se* petitions which Appellant filed while represented by counsel were legal nullities. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa.Super. 2016) (explaining general rule that hybrid representation is not permitted; this Court will not accept *pro se* motion while appellant is represented by counsel; such *pro se* motions have no legal effect and are therefore legal nullities). Nevertheless, the PCRA court seemed to have accepted and considered these filings. Any error in the PCRA court's consideration of these filings, however, does not disturb our analysis, as the claim currently on appeal was raised and preserved in Appellant's August 7, 2017 counseled PCRA petition.

On January 27, 2022, Appellant filed a *pro se* motion seeking appointment of counsel, which the court granted. Thereafter, Appellant filed additional requests for new counsel. Ultimately, the court appointed current counsel on March 28, 2023. On July 7, 2023, Appellant filed a counseled response to the court's Rule 907 notice.

On January 8, 2024, the court held a PCRA hearing. On January 30, 2024, the court formally denied PCRA relief. Appellant timely filed a notice of appeal on February 23, 2024. On February 26, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant complied on March 12, 2024.

On appeal, Appellant raises the following issue for our review:

> Whether the court erred in concluding that [Appellant's] motion for [PCRA] relief filed August 7, 2017 and subsequently amended, was untimely filed under 42 Pa.C.S.A. § 9545(b)?

(Appellant's Brief at 4).

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes

final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

This Court has explained:

> [The newly-discovered facts exception] requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

*Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa.Super. 2019).  Further, the Pennsylvania Supreme Court has "reiterate[d] that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."  *Commonwealth v. Fahy*, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999).  *See also* 42 Pa.C.S.A. § 9545(b)(4) (stating that for purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained).

Instantly, Appellant's judgment of sentence became final on September 5, 2005, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court.  *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.  Therefore, Appellant had until September 5, 2006, to file a timely PCRA petition.  *See* 42 Pa.C.S.A. § 9545(b)(1).  Appellant filed the instant petition on August 7, 2017, which is patently untimely.

Appellant now attempts to invoke the governmental interference and newly-discovered facts exceptions to the PCRA time-bar, claiming that the Commonwealth concealed his co-defendants' plea deals, and all prior counsel were ineffective in their failure to discover this fact.  Nevertheless, Appellant's claim of counsels' ineffectiveness does not satisfy the "governmental interference" exception, as defense counsel are not "government officials" for purposes of the PCRA.  *See* 42 Pa.C.S.A. § 9545(b)(4); *Fahy, supra*. Additionally, even if the Commonwealth withheld information concerning the co-defendants' plea deals, Appellant fails to indicate why he could not have obtained this information sooner with the exercise of due diligence.  *See*

*Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263 (2008), *cert. denied*, 555 U.S. 916, 129 S.Ct. 271, 172 L.Ed.2d 201 (2008) (explaining that although **Brady**[2] violation may fall within governmental interference exception, petitioner must plead and prove that failure to previously raise claim was result of interference by government officials, and information could not have been obtained earlier with exercise of due diligence).

Likewise, Appellant does not explain why he could not have discovered sooner his co-defendants' plea deals with the exercise of due diligence to satisfy the newly-discovered facts exception. ***See Sanchez, supra***. ***See also Commonwealth v. Keener***, No. 1165 WDA 2021, 2022 WL 2359373, at *4 (Pa.Super. June 30, 2022) (unpublished memorandum),[3] *appeal denied*, ___ Pa. ___, 288 A.3d 489 (2022) (stating that although there is no longer "public record presumption" pursuant to which court may find that information available to public is not fact that was previously "unknown" to petitioner, petitioner is still obligated to exercise due diligence to discover facts upon which claim is predicated). Thus, the PCRA court properly dismissed the petition as untimely. Accordingly, we affirm.

Order affirmed.

---

[2] ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding prosecution's suppression of evidence favorable to accused, when requested, constitutes due process violation).

[3] ***See*** Pa.R.A.P. 126(b) (stating we may rely on non-precedential decisions from this Court filed after May 1, 2019, for persuasive value).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/18/2024