J-S29021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT J. O'BRIEN | : | |
| | : | |
| Appellant | : | No. 1380 EDA 2018 |

Appeal from the Judgment of Sentence April 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009036-2017

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED JUNE 24, 2019**

Robert J. O'Brien appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions of simple assault, 18 Pa.C.S.A. § 2701, and unauthorized use of an automobile (UUA), 18 Pa.C.S.A. § 3921. Counsel has filed an **Anders**[1] brief and a petition to withdraw. For the reasons that follow, we deny counsel's petition to withdraw, without prejudice, and remand with instructions.

O'Brien entered a negotiated guilty plea to the abovementioned charges and the court sentenced him to four years' probation. O'Brien did not file post-sentence motions. Counsel filed a timely appeal on behalf of O'Brien. Counsel then filed a Pa.R.A.P. 1925(c)(4) statement of notice of intent to file

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

a brief pursuant to *Anders* and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981),[2] and a motion to withdraw as counsel for O'Brien.

Before addressing any issue raised on appeal, we must resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[2] The trial court did not file an opinion. *See Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa. Super. 2008) ("If counsel files a statement of intent to file an *Anders/McClendon* brief pursuant to Rule 1925(c)(4), a trial court opinion is not necessary and the trial court record shall be certified and transmitted back to this Court.").

***Santiago***, 978 A.2d at 361.

Counsel also must provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, counsel contemporaneously filed his petition to withdraw as counsel and an ***Anders*** brief. In his petition, counsel states that after a conscientious examination of the record he has determined that the appeal is wholly frivolous. Petition to Withdraw, 3/14/19, at ¶¶ 4, 5. Additionally, counsel states in his petition that he mailed a copy of the brief to O'Brien, and "advised him of his right to retain new counsel, or to himself raise any additional points he deems worthy of the Superior Court's attention." ***Id.*** at ¶ 8. Counsel's letter to O'Brien, attached to the petition as Exhibit A, states:

> Because I filed an ***Anders*** brief, YOU HAVE THE RIGHT TO RETAIN NEW COUNSEL FOR THIS CASE. This would be at your own cost. YOU ALSO HAVE THE RIGHT TO RAISE ANY ADDITIONAL POINTS THAT YOU WOULD LIKE THE SUPERIOR COURT TO CONSIDER IN THIS APPEAL.

Letter, 3/14/19.

Because this Court assesses the merits of the case immediately following, and in conjunction with, counsel's request to withdraw, it is important to inform an appellant of his right to proceed *pro se* and raise additional points for our review before this Court examines counsel's request to withdraw and the merits of the case. Although a party may not typically proceed *pro se* while represented by counsel ( "hybrid representation"), there is an exception if appellate counsel has filed an **Anders** brief because that filing signifies that appellant is effectively without counsel. **See Commonwealth v. Baney**, 860 A.2d 127, 129 (Pa. Super. 2004). "Thus, when conducting an **Anders** review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief." **Nischan**, 928 A.2d at 353.[3] Where an appellant has not been apprised of his right to proceed *pro se* following the filing of an **Anders** brief, the notice is defective. **See, e.g.**, **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015) (counsel

---

[3] **Nischan** explains the proper procedure as follows:

> If this Court receives a petition to withdraw and a brief, both submitted in accord with **Anders**, and if we are satisfied that counsel has complied with the three technical **Anders** requirements, we will then undertake our own independent examination of the issues raised in the **Anders** brief and in any *pro se* brief to determine whether we agree with counsel's assessment that the appeal before us is frivolous. If, after our review, we determine that the appeal is frivolous, then we will grant counsel's petition to withdraw and we will affirm the judgment of sentence. However, if it appears that there are non-frivolous issues, we will deny the petition to withdraw and remand the case with directions that counsel file an advocate's brief.

**Nischan**, 928 A.2d at 353–54 (citations omitted).

incorrectly informed appellant that he was entitled to proceed *pro se* or with private counsel if the Superior Court permitted his withdrawal; defect was cured by a notice sent *sua sponte* by Superior Court); ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005) (notice was defective where counsel's letter may have only informed appellant of his right to "new counsel," which would imply a right to different court-appointed counsel, rather than a right to retain new counsel or to proceed *pro se*).

We conclude that counsel's ***Anders*** brief complied with the requirements of ***Santiago***. Counsel provided a procedural and factual summary of the case. Anders Brief, 3/14/19, at 7-12. The ***Anders*** brief raises two possible issues on appeal: whether the sentence imposed was manifestly excessive and whether the guilty plea was invalid. ***Id.*** at 6. Counsel makes abundantly clear that he believes both claims are waived. ***Id.***

However, we find that counsel failed to provide proper notice. While counsel sent a copy of the ***Anders*** brief to O'Brien, and advised O'Brien in his letter of his right to retain new counsel or to raise any additional points that he deems worth of this Court's attention, he did not specifically advise O'Brien of his immediate right to proceed with the instant appeal *pro se*. ***See*** Letter, 3/14/19. An appellant has the immediate right to proceed *pro se* ***or*** with privately retained counsel to raise any additional issues he deems worthy of review in this Court. This was unclear in counsel's letter, and it renders counsel's letter defective. ***See Nichan***, ***supra***. ***See also Millisock***, ***supra***.

Accordingly, we deny counsel's petition to withdraw at this time and direct counsel to file an amended petition to withdraw as counsel in this Court, within <u>ten</u> days of the filing date of this judgment order, and attach to the amended withdrawal petition a copy of the amended letter sent to O'Brien, fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of review. Counsel must also advise O'Brien that he may respond, within 30 days of counsel's amended letter, to counsel's **Anders** brief. The Commonwealth will then have thirty days to file a responsive brief.[4]

Petition to withdraw as counsel denied; case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/24/19</u>

---

[4] In light of this disposition, we dismiss as moot the Commonwealth's Application for Nunc Pro Tunc Extension of Time to File Brief for Appellee." We also note that the Commonwealth's brief was due on April 15, 2019 and the instant application was not filed until May 14, 2019. Accordingly, the Commonwealth has already received a *de facto* extension of more than 30 days. We note our continuing disapproval with the ongoing failure of the Philadelphia Office of District Attorney to file timely briefs in matters before this Court.