J-S33014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUAN BATISTA SORIANO, JR. | : | |
| | : | |
| Appellant | : | No. 1511 MDA 2018 |

Appeal from the Judgment of Sentence Entered December 15, 2016
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000080-2014

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED: JULY 22, 2019**

Juan Batista Soriano, Jr., appeals, *nunc pro tunc*, from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following the revocation of his probation.  Counsel has filed an ***Anders/McClendon***[1] brief and a petition to withdraw.  For the reasons that follow, we deny counsel's petition to withdraw, without prejudice.

On November 6, 2014, Soriano entered a guilty plea to charges of burglary,[2] conspiracy[3] and possession of instruments of crime ("PIC").[4]  The

---

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

[2] 18 Pa.C.S.A. § 3502(a)(2).

[3] 18 Pa.C.S.A. § 903.

[4] 18 Pa.C.S.A. § 907(a).

court sentenced him 6 to 23 months' imprisonment for burglary, with work release eligibility, followed by an aggregate probationary term of three years on the remaining charges. Soriano filed neither post-sentence motions nor an appeal.

On December 15, 2016, Soriano was brought before the trial court for a revocation hearing after he violated the terms of his probation.[5] The court resentenced him to two to four years' incarceration for conspiracy and a consecutive term of one to two years' incarceration for PIC. Soriano filed a post-sentence motion seeking credit for time served, which the court granted. Soriano did not file a direct appeal but, on June 8, 2017, filed a petition under the Post Conviction Relief Act ("PCRA").[6] Present counsel was appointed and filed an amended petition seeking reinstatement of Soriano's post-sentence and direct appellate rights. Relief was granted by order dated July 11, 2018. Soriano filed post-sentence motions, *nunc pro tunc*, which were denied. On August 9, 2018, Soriano filed a timely notice of appeal, *nunc pro tunc*, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

---

[5] The court found that Soriano had: been charged with driving under the influence in Dauphin County; pled guilty to felony drug and firearm possession charges in New York state; failed to report to his probation officer as required; traveled more than 50 miles outside Dauphin County without prior approval from his probation officer; and failed to pay his fines, costs or restitution.

[6] 42 Pa.C.S.A. §§ 9541-9546.

Before addressing any issue raised on appeal, we must resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc). An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) **proceed *pro se* on appeal**; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention

in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted) (emphasis added). Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, counsel has filed a petition to withdraw as counsel and an ***Anders*** brief. In her petition, counsel states that, after a conscientious examination of the record, she has determined that the appeal is wholly frivolous. Petition to Withdraw, 3/25/19, at ¶ 14. Additionally, counsel states in her petition that she mailed a copy of the ***Anders*** brief to Soriano, and "advised Appellant personally as to his right to retain counsel or proceed *pro se* to represent his interest in his appeal or to raise any additional issues for appellate review." ***Id.*** at ¶ 19. However, counsel's letter to Soriano does not specifically advise him of his right to proceed *pro se* in his appeal. The letter states as follows:

> Please be advised that you have the right to retain new counsel to represent you in your appeal and all matters arising therefrom. You also have the right to file a response brief in order to reply to my assertion of frivolousness. You may also raise any additional points you need [*sic*] worthy of the Court's attention.

Letter from Amanda A. Batz, Esquire, to Appellant, 3/25/19, at 2.

Because this Court assesses the merits of the case immediately following, and in conjunction with, counsel's request to withdraw, it is important to inform an appellant of his right to proceed *pro se* and raise additional points for our review before this Court examines counsel's request

- 4 -

to withdraw and the merits of the case. Although a party may not typically proceed *pro se* while represented by counsel ("hybrid representation"), there is an exception if appellate counsel has filed an **Anders** brief, because that filing signifies that appellant is effectively without counsel. **See Commonwealth v. Baney**, 860 A.2d 127, 129 (Pa. Super. 2004). "Thus, when conducting an **Anders** review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief." **Nischan**, 928 A.2d at 353.[7] Where an appellant has not been apprised of his right to proceed *pro se* following the filing of an **Anders** brief, the notice is defective. **See, e.g.**, **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015) (counsel incorrectly informed appellant he was entitled to proceed *pro se* or with private counsel if Superior Court permitted withdrawal; defect was cured by notice sent *sua sponte* by Superior Court); **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005) (notice defective where counsel's letter may have only

---

[7] **Nischan** explains the proper procedure as follows:

> If this Court receives a petition to withdraw and a brief, both submitted in accord with **Anders**, and if we are satisfied that counsel has complied with the three technical **Anders** requirements, we will then undertake our own independent examination of the issues raised in the **Anders** brief and in any *pro se* brief to determine whether we agree with counsel's assessment that the appeal before us is frivolous. If, after our review, we determine that the appeal is frivolous, then we will grant counsel's petition to withdraw and we will affirm the judgment of sentence. However, if it appears that there are non-frivolous issues, we will deny the petition to withdraw and remand the case with directions that counsel file an advocate's brief.

**Nischan**, 928 A.2d at 353–54 (citations omitted).

informed appellant of right to "new counsel," which would imply right to different court-appointed counsel, rather than right to retain new counsel or proceed *pro se*).

We conclude that counsel's **Anders** brief substantially complies with the requirements of **Santiago**. Counsel provides a procedural and factual summary of the case. **Anders** Brief, at 8-9. The **Anders** brief raises one possible issue on appeal: Whether the trial court abused its discretion in sentencing Soriano to a three to six year term of imprisonment following revocation, where Soriano had a number of violations including a new conviction for new felony drug and gun charges in New York State. **See id.** at 6. Counsel concludes that, "despite [Soriano's] dissatisfaction with his sentence, an appeal in this matter would be frivolous." **Id.** at 13.

However, we find that counsel failed to provide proper notice of Soriano's right to proceed *pro se*. While counsel sent a copy of the **Anders** brief to Soriano, and advised Soriano in her letter of his right to retain new counsel or to raise any additional points that he deems worth of this Court's attention, she did not specifically advise Soriano of his immediate right to proceed with the instant appeal *pro se*. **See** Letter from Amanda A. Batz, Esquire, to Appellant, 3/25/19, at 2. An appellant has the immediate right to proceed *pro se* **or** with privately retained counsel to raise any additional issues he deems worthy of review in this Court. This was not made clear in counsel's

letter, rendering counsel's letter defective.[8] ***See Nischan***, ***supra***. ***See also Millisock***, ***supra***.

Accordingly, we are constrained to deny counsel's petition to withdraw at this time and direct counsel to file an amended petition to withdraw as counsel in this Court, within <u>fifteen</u> days of the filing date of this memorandum, and attach to the amended petition a copy of the amended letter sent to Soriano, fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of review. Counsel must also advise Soriano that he may respond, within 30 days of counsel's amended letter, to counsel's ***Anders*** brief. The Commonwealth will then have thirty days to file a responsive brief.

Petition to withdraw as counsel denied. Panel jurisdiction retained.

---

[8] Although counsel's petition to withdraw indicates that she personally advised Soriano of his right to proceed *pro se*, our case law is clear that such advice must be provided in a letter to the client transmitting counsel's petition to withdraw and ***Anders*** brief. ***See Nischan***, ***supra***.