J-S40023-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DESMOND LAMAR SNEAD | : | |
| | : | |
| Appellant | : | No. 40 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 9, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004162-2017

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:　　　　　　　FILED OCTOBER 21, 2019

Desmond Lamar Snead appeals from the judgment of sentence entered following his conviction for aggravated assault.[1] Snead's counsel has filed an Anders[2] brief and request to withdraw. We deny counsel's request to withdraw at this time.

At Snead's non-jury trial, the Commonwealth presented the testimony of the victim. The victim testified that while she was waiting for a bus, a car carrying Snead, who was the victim's neighbor, and Snead's codefendant stopped nearby. Snead and the codefendant started firing guns from the car windows, striking the victim in her thigh. The victim thereafter identified

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] Anders v. California, 386 U.S. 738 (1967).

Snead from a photo array. The Commonwealth also presented two police detectives, who testified to recovering two 9 millimeter shell casings near the scene of the shooting, and recounted the victim's identification of Snead.

The court found Snead guilty and sentenced him to serve four to eight years' incarceration. Shortly after sentencing, Snead's counsel requested to withdraw, and newly appointed counsel entered his appearance.[3] Snead's new counsel filed a post sentence motion, raising the issue of the sufficiency of the evidence. The motion was denied by operation of law, and Snead filed a timely notice of appeal.

The trial court ordered Snead to file a statement of errors complained of on appeal. See Pa.R.A.P. 1925(b). In lieu of filing a statement, Snead's counsel filed a statement of intent to file an Anders brief. See Pa.R.A.P. 1925(c)(4).[4] The trial court did not file a Pa.R.A.P. 1925(a) opinion.

---

[3] Snead's sentencing took place on August 9, 2018. Counsel filed a motion to withdraw on August 17, and new appointed counsel entered his appearance on August 20. On August 22, Snead's new counsel filed a petition to reinstate Snead's appeal rights nunc pro tunc, which the trial court granted. Although the proper filing for the reinstatement of appeal rights is a PCRA petition, see Commonwealth v. Bennett, 930 A.2d 1264, 1269 (Pa. 2007), here, the trial court had jurisdiction to extend Snead's deadline for filing a post-sentence motion, see Commonwealth v. Dreves, 839 A.2d 1122, 1128 n.6 (Pa.Super. 2003) (en banc), and our jurisdiction over the appeal is thus unaffected.

[4] Counsel thereafter filed an Anders brief and request to withdraw in the trial court. The court denied the request, stating that it no longer had jurisdiction, and directed counsel to file the brief and withdraw request in this Court.

- 2 -

Before we address the issues on appeal, we must pass on counsel's request to withdraw. Commonwealth v. Orellana, 86 A.3d 877, 879 (Pa.Super. 2014). An Anders brief that accompanies a request to withdraw must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009). Counsel must provide a copy of the Anders brief to the client, along with a letter that advises the client of the right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the Anders brief." Orellana, 86 A.3d at 880 (quoting Commonwealth v. Nischan, 928 A.2d 349, 353 (Pa.Super. 2007)).

If we determine that counsel has satisfied these requirements, we then examine the record to determine if the appeal is wholly frivolous. Commonwealth v. Dempster, 187 A.3d 266, 271-72 (Pa.Super. 2018) (en banc). If we so find, we may grant counsel leave to withdraw and dismiss the appeal. Id. at 271. In contrast, "[i]f counsel does not fulfill the aforesaid

- 3 -

technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with Anders or file an advocate's brief on Appellant's behalf)." Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007).

Here, in the Anders brief, counsel has summarized the procedural and factual history of the case, and identified one issue, i.e., the sufficiency of the evidence. However, counsel concluded the appeal of this issue lacks merit, and stated that counsel "cannot identify any meritorious issues to raise on direct appeal." Anders Br. at 9, 14. The proper standard for withdrawal under Anders requires counsel to conclude that the appeal is wholly frivolous, rather than lacking in merit.[5]

In addition, in conjunction with his withdraw request, counsel sent a letter to Snead advising the following: "If the Court accepts my assessment of your case, the appeal will be denied and I will be permitted to withdraw from your case. If the Court grants my request to withdraw, you can continue your appeal pro se or hire a private attorney to work on your appeal." Letter, dated 5/23/19, at 1.

This advice is erroneous in two respects. First, it fails to advise Snead that he may raise additional points not addressed by the Anders brief. See

---

[5] See Wrecks, 931 A.2d at 722 (stating while counsel seeking to withdraw from appellate representation of collateral review "is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous," "Anders counsel is not permitted to withdraw unless the appeal is wholly frivolous").

Orellana, 86 A.3d at 880. Second, it misadvises Snead that he may only proceed with the appeal if this Court grants counsel leave to withdraw, when, in fact, an appellant has a right to file a pro se or counseled brief although still represented by Anders counsel. See Nischan, 928 A.2d at 353 (citing Commowealth v. Baney, 860 A.2d 127, 130 (Pa.Super. 2004)). We therefore conclude that counsel's withdraw request is deficient.

Counsel is hereby instructed to file either an advocate's brief or a brief that complies with the Anders requirements and a revised request to withdraw within 30 days of the filing of this memorandum. If counsel does, again, file a request in this Court to withdraw as counsel, counsel must advise Snead of his immediate right to file an appellate brief pro se or through retained counsel, and to raise additional points.

Motion for Leave to Withdraw as Counsel denied. Panel jurisdiction retained.