J-S37025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRISTIN WILL | : | |
| | : | |
| Appellant | : | No. 2542 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 8, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000448-2021

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 08, 2022**

Tristin Will appeals from the judgment of sentence, entered in the Court of Common Pleas of Lehigh County, following his conviction of one count of possession of a firearm.[1]  Additionally, Will's counsel, Michael E. Brunnabend, Esquire, has filed an application to withdraw as counsel and an accompanying **Anders**[2] brief.  Upon review, we affirm Will's judgment of sentence and grant counsel's application to withdraw.

Will was initially charged with two counts of possession of a firearm, graded as a felony of the first degree and a felony of the second degree,

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

respectively, and one count of possession of marijuana.[3]  Will entered into a negotiated guilty plea, before the Honorable Douglas G. Reichley, to one count of possession of a firearm, graded as second-degree felony.  Pursuant to the plea agreement, the minimum sentence would be capped at the bottom of the standard Sentencing Guideline range.[4]  Upon completion of a pre-sentence investigation (PSI) report, as well as a thorough review and consideration of the Sentencing Guidelines, the court sentenced Will to five to ten years' imprisonment, in accordance with the negotiated plea agreement.

Will filed a timely post-sentence motion, which the trial court denied. This timely appeal followed. Both Will and the trial court complied with Pa.R.A.P. 1925.

On appeal, Will claims the sentencing court abused its discretion by imposing a manifestly unreasonable sentence and failing to properly consider mitigating factors.  **Anders** Brief, at 4.

"Before we begin [any] substantive analysis, we must first review defense counsel's **Anders** brief and motion to withdraw." **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015) (citation omitted).

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. These requirements and the significant protection they provide to an **Anders** appellant

---

[3] 35 P.S. § 780-113(a)(31)(1)(i).

[4] Will has an extensive criminal history.  His prior record score (PRS) was 5, and the offense gravity score (OGS) was 10.  **See** N.T. Sentencing, 11/8/21, at 3-4.

arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal.

***Commonwealth v. Hankerson***, 118 A.3d 415, 419-20 (Pa. Super. 2015) (citations omitted). "The ***Anders*** brief aims to provide the appellate courts with a means for making two determinations–whether appointed counsel has fully supported his client's appeal to the best of his ability and whether the appeal is indeed so lacking in merit that counsel should be permitted to withdraw." ***Santiago***, 978 A.2d at 355 (citation omitted). To obtain permission to withdraw, counsel must file an ***Anders*** brief that meets the requirements established by our Supreme Court in ***Santiago***.

The procedural requirements for withdrawal require counsel to provide the appellant with a copy of the ***Anders*** brief along with a letter that advises the appellant of his or her right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007). In addition, our Supreme Court, in ***Santiago***, stated that an ***Anders*** brief must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. ***Santiago***, ***supra*** at 361. Further, counsel should articulate the relevant facts of record, controlling case law,

and/or statutes on point that have led to the conclusion that the appeal is frivolous. *Id.* Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, we conclude that Attorney Brunnabend has fully complied with the procedural requirements of *Anders* and its progeny. Specifically, Attorney Brunnabend requested permission to withdraw based upon his determination that Will's appeal is "frivolous," *see* Petition to Withdraw, 6/13/22, at ¶ 4, filed an *Anders* brief pursuant to the dictates of *Santiago*, furnished a copy of the *Anders* brief to Will, and advised Will by letter of his right to retain new counsel or proceed *pro se*. *See Nischan*, *supra*; Petition to Withdraw, *supra* at ¶ 6; Counsel's Letter to Will, 6/12/22, at 1-2. Will did not file a response to counsel's petition to withdraw.

"Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (en banc) (citation and internal quotation marks omitted). We, therefore, proceed to our independent review as to whether Will's appeal is, in fact, wholly frivolous.

Because Will pled guilty, we must examine the effect of his guilty plea upon his sentencing claim. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the

court, the legality of the sentence, and the validity of the guilty plea."
***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

> It is well settled when the plea agreement contains a **negotiated sentence which is accepted and imposed by the sentencing court**, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

***Id.*** (emphasis added; citation omitted).

Here, Will takes issue with his sentence, yet acknowledges that it complies with the negotiated plea agreement. ***See*** Anders Brief, at 6, 8. After accepting the plea, the trial court sentenced him to the agreed-upon sentence. Will did not challenge the validity of the plea proceedings or move to withdraw his plea. Will received the sentence for which he bargained, with the minimum capped at the bottom of the applicable Sentencing Guideline range. ***See*** N.T. Sentencing,[5] 11/8/21, at 2 (court stating, "there was a plea agreement indicated on the record that the minimum period of incarceration was capped at the bottom of the standard range, which based upon counsel's calculation was five years."). Therefore, Will waived any challenge to the

---

[5] The notes of testimony from Will's sentencing hearing are mistakenly titled "PCRA Hearing."

discretionary aspects of his sentence and his challenge would not be cognizable on appeal.[6] *See Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013). Will, therefore, cannot challenge the discretionary aspects of that sentence. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms[,] the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea."); *see also Commonwealth v. O'Malley,* 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."); *Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004) (appellant may not challenge discretionary aspects of sentence when negotiated plea included terms of his sentence); *Commonwealth v. Reichle*,

---

[6] Even in the absence of waiver, we agree with the trial court and counsel that this claim is frivolous. *See* Trial Court Opinion, 1/28/22, at 6, citing N.T. Sentencing, *supra* at 7-8 ("[Will] has not set forth a substantial question warranting appellate review. A PSI was prepared in this case and was reviewed with counsel. The transcript of the sentencing hearing clearly reflects a discussion of the contents of the PSI prior to imposing [Will's] sentence, including mitigating factors [Will's] counsel highlighted."); *Anders* Brief at 12 ("[T]he sentence fully complied with the plea agreement and was, as required, at the bottom of the Standard Sentencing Guidelines Range. It would therefore appear from the record that the [s]entencing [c]ourt fully reviewed the applicable factors as is set forth in [section] 9721(b) of the Sentencing Code and considered all options regarding the sentence. . . [T] issue regarding the discretionary aspect of the sentence in this case does not give rise to a substantial question regarding the sentence."), citing *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010); *Commonwealth v. McNabb*, 819 A.2d 54 (Pa. Super. 2003), and *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000).

589 A.2d 1140, 1141 (Pa. Super. 1991) (dismissing appellant's appeal of discretionary aspects of sentence where she received precisely what she was promised under terms of negotiated plea agreement). Accordingly, Will is not entitled to relief on a discretionary aspects claim.

Having reviewed the issue raised in counsel's **Anders** brief, and after conducting our own independent review of the record and finding no other meritorious issue that could provide relief, **Goodwin**, **supra**, we agree with counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 12/8/2022*